ROBERT M. STEEL v. JOHN H. DEMAY ET AL.

*Landlord and tenant—Sale of leased premises—Assignment of lease—Notice—Bona fide purchaser.*

A lessor, prior to the lessees' taking possession of the leased premises, assigned and delivered the leases to a creditor as security for his claim. Neither the leases nor the assignment were ever recorded. After the tenants had entered into possession, the lessor conveyed the leased premises to his wife by warranty deed. In a suit brought by the assignee to enforce

his alleged equitable claim to the rent, the wife claimed to have purchased without notice of complainant's rights, while the complainant claimed that, the premises being in the possession of the lessees, and the leases in the custody of the complainant, it was the duty of the wife to make inquiry as to the terms of the leases, and as to the possession of the same, before purchasing, as the leases were the only evidence of the grantor's title to the rents reserved, and of his right to collect such rents, and that, in the absence of such inquiry, she was chargeable with notice of all the facts which she would have learned upon making the inquiry. And it is held that, while the possession of the lessees was notice of their rights, it was not notice that the title of the lessor had been incumbered by the assignment of the leases reserving rent to himself.

Appeal from Gratiot. (Daboll, J.) Argued April 11, 1894. Decided October 16, 1894.

Bill to determine the rights of complainant under an assignment of certain leases as security. Defendant Ella DeMay appeals. Decree reversed, and one entered in this Court in favor of appellant. The facts are stated in the opinion.

*Stone & Salter,* for complainant.

*H. E. & E. L. Walbridge* (*H. Walbridge,* of counsel), for appellant.

MONTGOMERY, J. The defendants John H. De May and Ella De May are husband and wife. In 1889, John H. built a brick block, consisting of two store buildings, in the village of Ithaca. He purchased of the complainant a strip of land 3½ feet wide, and one-half of a brick wall thereon, for the agreed price of $688. De May, having leased the stores to defendants Ludwig and Netzorg, gave his notes for the amount of the purchase price of the 3½ feet of ground, and assigned the leases to complainant as security. Neither the leases nor the assignment were

recorded in the office of the register of deeds. Defendant
Ella De May purchased the buildings of her husband, and
claims to have bought without notice of complainant's
rights, and to have paid the purchase price of the prop-
erty by assuming an incumbrance of $5,000, and discharg-
ing debts of her husband to the amount of $6,500, and
some accumulations of interest. The contest is between
complainant and Ella De May, Ludwig and Netzorg hav-
ing been made parties in order that they may be protected
in making the payments decreed by the court. The case
presents two questions, one of law and one of fact.

1. It is contended by complainant that it was not nec-
essary to the protection of his rights that the assignment
of the leases be recorded; that, the premises being in the
possession of the lessees, and the leases in the custody of
the complainant, it was the duty of the defendant Ella
De May to make inquiry as to the terms of the leases, and
as to the possession of the instruments, before purchasing,
as the leases were the only evidence of the grantor's title
to the rents reserved, and of his right to collect such rents
from the tenants in possession; and that, in the absence
of such inquiry, she (Mrs. De May) would be chargeable
with notice of all the facts which she would have learned
upon making the inquiry. We think that, while such pos-
session of the lessees would be notice of their rights, it
would not be notice that the title of De May had been
incumbered by the assignment of the leases reserving rent
to himself.

2. The question of fact is somewhat difficult of solution.
There are some circumstances tending to show that De
May had a purpose of defeating his creditors in making a
transfer to his wife, and that the alleged indebtedness
from him to his wife was merely colorable. The defend-
ant's theory is that when De May engaged in business he
was assisted by Mrs. De May's father, on the understand-

ing that the title to the property should constantly remain in Mrs. De May, but that he subsequently induced her to deed certain property to him on the agreement that he would buy her a lot, and build a house thereon worth $2,800, and that he also induced her to make him an assignment of her interest in the drug firm of J. B. Crawford & Co., of which she was a member, upon his agreement to repay. All the direct testimony in the case tends to support this claim, and, upon a careful examination of the testimony, we do not find warrant for disregarding these proofs. Our conclusions cannot rest upon grounds of mere suspicion, but should be supported by testimony, which we fail to find supporting complainant's theory.

The decree of the court below will be reversed, and a decree entered in this Court in favor of the defendant Ella De May.

The other Justices concurred.