DUNN v. MICHIGAN CLUB.

1. CHATTEL MORTGAGES—BOOK ACCOUNTS.
The rule that book accounts are the subject of assignment and mortgage applies as well to future as to existing accounts.

2. SAME — FUTURE ACCOUNTS — FAILURE TO MAKE ENTRY UPON BOOKS.
A mortgage of all future book accounts covers an unpaid account subsequently accruing to the mortgagor, whether or not it is entered upon his books.[1]

Error to Wayne; Hosmer, J. Submitted October 15, 1897. Decided December 21, 1897.

Garnishment proceedings by Edward J. Dunn against the Michigan Club, as garnishee of Thomas Swan and others. The Union Trust Company intervened as claimant of the fund. From a judgment in favor of claimant on verdict directed by the court, plaintiff brings error. Affirmed.

*William B. Jackson*, for appellant.

*Russel & Campbell*, for appellee Union Trust Co.

MONTGOMERY, J. The plaintiff is a judgment creditor of the defendant Swan. On the 21st of February, 1896, he caused a writ of garnishment to issue, directed to the Michigan Club. The defendant Swan was engaged in the business of restaurant keeper and caterer. On the 1st day of May, 1893, he executed a mortgage, now vested in the Union Trust Company, by which he mortgaged all his stock in trade, and also mortgaged and assigned all book accounts, notes, etc., "owned by him, or appearing on the

[1] The authorities respecting the mortgage or assignment of future accounts or earnings are collected in a note to *Sandwich Manfg. Co. v. Robinson*, (Iowa) 14 L. R. A. 126.

books of said business now being conducted by him at the place aforesaid, and all future book accounts representing proceeds of sales of goods in mortgagor's stock, and all additions to the same." Prior to the 21st of February, defendant Swan had made a contract with the Michigan Club to provide the annual dinner to be served on the 21st of February. On the day the dinner was served, and before the contract price of $600 was paid, or any bill rendered for the same, or any entry made of the same on the books of Mr. Swan, the writ in this case was served. The trust company has intervened, claiming the account as covered by the mortgage. The circuit judge sustained this claim, and the plaintiff brings error.

It is no longer an open question in this State that accounts are the subject of assignment, and may be mortgaged, and this applies as well to future accounts as to existing accounts. *Fuller* v. *Rhodes*, 78 Mich. 36; *Preston Nat. Bank* v. *George T. Smith Middlings Purifier Co.*, 84 Mich. 364, 102 Mich. 462.

Plaintiff's counsel, however, contends that this account or claim against the Michigan Club was not a book account, within the meaning of the clause of the mortgage above quoted; but we think "book accounts," as used in this connection, must be construed to include all unpaid accounts which are the proper subject of a book entry, as this item certainly was until payment. The fact that the writ was served before the entry of the item on the books does not change its nature.

The judgment will be affirmed.

LONG, C. J., HOOKER and MOORE, JJ.. concurred. GRANT, J., did not sit.