## BROWNSON v. ROY.

### SAME v. MARTIN.

133  617
146  300

1. LANDLORD AND TENANT—ASSIGNMENT OF RENTS—RECEIVERS—CONFLICTING RIGHTS.

   Where rents yet to accrue are assigned to secure the payment of a claim, a subsequent conveyance of the premises, under the order of the court, to a receiver, does not destroy the right created by the assignment, so as to entitle the receiver to the rents as against the assignee.

2. SAME.

   Rents not yet due may be assigned without transferring to the assignee the title to the premises, and the assignee, after notice to the tenants, may collect the rent as it becomes due.

3. SAME.

   An assignment of future rent is not ineffectual because made after the expiration of the occupant's lease, where the parties have continued the existence of the tenancy, and treated the assignment as operative.

4. SAME—BONA FIDE PURCHASERS.

   A receiver of property, having a conveyance under order of court, cannot claim the rents thereafter accruing, as against an assignee thereof who has given notice to the tenants, on the ground that he had no notice of the assignment.

Error to Wayne; Carpenter, J. Submitted April 10, 1903. (Docket No. 29.) Decided June 30, 1903.

*Assumpsit* by Robert M. Brownson, receiver of Herman A. Strassburg, against Helen Roy, and also against Lucy J. Martin, for rent. From judgments for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*McBryan & Brownson (Henry B. Graves,* of counsel), for appellant.

*Edwin Henderson,* for appellees.

MOORE, J. These cases were commenced in justice's court. They were appealed to the circuit court. The judge directed a verdict for the defendants. The plaintiff has brought them here by writ of error.

The trial judge, in directing a verdict, stated the questions involved as follows:

"The plaintiff is the receiver of Herman A. Strassburg. These are suits for rent. The facts are as follows:

"In September, 1901, the plaintiff called on each of the defendants, who were occupying as tenants under a lease from Herman A. Strassburg, and notified each of them that he was the receiver appointed by the court, and demanded of them the rent for the premises which they were occupying. Each paid him the month's rent then due (being for the month of August, just passed), and promised to pay him the rent thereafter accruing. Inasmuch as the title of Mr. Strassburg was determined by foreclosure proceedings which ended that title on the 1st of November, the rent involved in this suit is the rent for the months of September and October.

" The defense interposed is that Herman A. Strassburg, on the 26th day of October, 1899, assigned the rent in question to his mother by written assignment, which assignment is in evidence, and immediately thereafter the defendants in these cases, who were then tenants, were notified of the assignment. Thereafter the rent was collected by said Herman A. Strassburg, as agent of his mother, and turned over to her. The rents for Septem-

ber and October, 1901, involved in this suit, were likewise collected by said Herman A. Strassburg, as agent for his mother, and turned over to her. The explanation of the defendants as to their promise to pay the plaintiff is that they supposed that this meant the right of Mrs. Strassburg to collect the rent had also been terminated.   *   *   *

"It is contended by the plaintiff that the assignment of rents being unlimited in time, and there being no outside oral agreement changing its effect, it was effective only so long as the relation of landlord and tenant actually existed; that the conveyance by Herman A. Strassburg to the receiver, under the order of the court, and the subsequent agreement to attorn to Mr. Brownson, the plaintiff, created the relation of landlord and tenant between the plaintiff and defendants, and terminated the relation of landlord and tenant between Strassburg and the defendants; that this rendered the assignment in question thereafter altogether ineffectual; and that it has no force against the right asserted by the plaintiff in this case.   I am bound to say that this argument is one that deserved most serious attention, and I am not sure but what it is sound.   It does not, however, seem to me that, looking at the purpose which this assignment was intended to serve (*i. e.*, to secure to Mrs. Strassburg, the mother of Herman A., something to be applied on the payment of her claim),— that it is difficult to recognize the right as existing on the part of her son, by voluntary conveyance by himself (and this certainly can never have greater force than a voluntary conveyance), to terminate that right.   He has assigned rent to secure her rights.   Is it consistent with that assignment that he can, by voluntary act of his, without her consent, put an end to it, and altogether destroy that right created by the assignment?   It seems to me not.

" It is insisted, also, on the part of the plaintiff, that, as I understand the contention, rent cannot be assigned separate and apart from the title.   In other words, that rent not yet due cannot be assigned without transferring to the assignee some title in the property, by which the assignee himself can enforce the collection of the rent.

" In the case of *Kane* v. *Clough*, 36 Mich. 436 (24 Am. Rep. 599),—a decision rendered by Judge COOLEY, and concurred in by his associates, Justices GRAVES, CAMPBELL, and MARSTON,—it was decided that where one was working for another, doing piecework, but without any definite contract for the continuance of his employ-

ment, he could assign the wages to become due, and that that assignment would be effectual against a subsequent garnishment. Judge COOLEY, in the course of his opinion, says:

" 'An officer may assign his salary, though removable at any time. *Brackett* v. *Blake*, 7 Metc. (Mass.) 335 (41 Am. Dec. 442). In Pennsylvania an assignment which professes to transfer a debt to arise for wages not yet earned, against any one by whom the assignor may thereafter be employed, is held to be ineffectual, even after the wages are earned. *Jermyn* v. *Moffitt*, 75 Pa. St. 399. In New Hampshire it is decided that wages to become due may be effectually assigned, provided there is at the time an existing contract under which they are to be earned. *Garland* v. *Harrington*, 51 N. H. 409. The like conclusion is reached in Connecticut. *Hawley* v. *Bristol*, 39 Conn. 26; *Augur* v. *Packing Co.*, Id. 536. The distinction between the cases in which the wages are not earned under a contract existing at the time of the assignment, and those in which they are, is said to be that "in the former the future earnings are a mere possibility, coupled with no interest, while in the latter the possibility of future earnings is coupled with an interest, and the right to them, though contingent and liable to be defeated, is a vested right." *Low* v. *Pew*, 108 Mass. 347, 350 (11 Am. Rep. 357). But an assignment of demands having no actual existence, though invalid at law, may be valid in equity as an agreement, and take effect as an assignment when the demands intended are subsequently brought into existence.'

"In the case of *Preston Nat. Bank* v. *George T. Smith Middlings Purifier Co.*, 84 Mich. 364 (47 N. W. 502), an assignment of valid outstanding accounts was held effectual by the Supreme Court.

"In my judgment, these cases go quite as far as the defendants' contention requires. I think there are ways in which the assignee in such a case can enforce his claim, not, perhaps, by summary proceedings, inasmuch as he has not the title; but it seems to me there would be no difficulty whatever in his maintaining an action, even at law, to recover rent after it is earned, against the tenants. The assignment having been made, and the tenants having notice of it, the rent, after it becomes due, can be collected, it seems to me, by the assignee. The fact that every right that the landlord might have to collect it is not open does not impair the effect of the assignment.

"The plaintiff also urges that the assignment is ineffectual because, by its terms, when carefully considered, it

does not apply to the rent in question here. This assignment was made more than a year before the rent in question became due, and the written lease, which was at that time in existence, had, in accordance with its terms, expired. * * * The evidence shows that the parties actually continued their relations under this lease; they were practically tenants holding over; and, as claimed by the plaintiff, I think it is probable that the relation existing between them was that growing out of a tenancy from month to month. It is a rule of law, and applicable to documents of this informal character, that the construction which the parties themselves actually put upon them by their conduct will have great weight in determining their meaning. Inasmuch as all the parties immediately concerned in this assignment (*i. e.*, Mr. Strassburg, his mother, and the tenants) construed this and treated this assignment as operative, I do not think that the plaintiff in this case can insist upon its receiving a different construction, unless his point that he took his title without notice can be sustained.

"It is insisted by the plaintiff that inasmuch as he obtained a deed of this property from Mr. Strassburg, executed under the order of the court, containing no reservations which affected these leases in question, and having no actual notice (and I am bound to say he had no actual notice), whatever rights Mrs. Strassburg may have had, they do not in any way impair the validity of his title. It is to be borne in mind, in considering this question, that an examination of the writings in the office of the register of deeds would have disclosed no transfer of title to Mrs. Strassburg. My attention is called by plaintiff's counsel to the case of *Steel* v. *De May*, 102 Mich. 274 (60 N. W. 684). In that case, after certain leases had been executed, they were assigned to the complainant, Robert M. Steel, as security. Without notice of this assignment, either actual or constructive,—no record thereof being made in the register's office,—the defendant acquired title to the property. It is held by the Supreme Court, under these circumstances, that the defendant's title was in no way affected by the assignment of the leases to the complainant. The court say:

"'We think that, while such possession of the lessees would be notice of their rights, it would not be notice that the title of De May had been incumbered by the assignment of the leases reserving rent to himself.'

" It will be noticed that in that case the tenants presumably had no notice of this assignment; at least, the rent was still payable to, and doubtless received by, their former landlord. In this case Mrs. Strassburg has done all that she could do to give notice of her rights, by notifying the tenants, and by collecting the rent in the manner it was collected. This case, too, differed from that in this important particular: In that case complainant's rights, whatever they may have been, were most clearly an interest in land. There he had an assignment of the leases, which were kept off the record. Here is an assignment of rent, which I do not think, strictly speaking, is an interest in land. While I must confess to much doubt upon this question, I am inclined to the opinion that Mrs. Strassburg having done all she could do; having notified these tenants that thereafter the rent must be paid to her; they having treated this notice as valid,—I am inclined to think that the law will sustain her rights. The plaintiff in this case, being the receiver appointed by the court, having only the title which was given him by deed executed under the court's order, can only claim such rights in this property as Mr. Strassburg himself could have enforced."

After giving full consideration to the briefs of counsel, we are satisfied the trial judge made a proper disposition of the case. We deem it unnecessary to add to what was said by him, further than to cite two cases which we deem in point: *Perrin* v. *Lepper*, 34 Mich. 292; *Kelly* v. *Bowerman*, 113 Mich. 449 (71 N. W. 836).

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.