[Civ. No. 867. Second Appellate District.—February 23, 1912.]

TITLE INSURANCE AND TRUST COMPANY, a Corporation, Respondent, v. F. B. WILLIAMSON, E. S. WILLIAMS, Trustee in Bankruptcy of F. B. WILLIAMSON et al., Defendants-Respondents; CARPENTER AND BILES MILL AND LUMBER COMPANY, Cross-complainant-Respondent, and SAN PEDRO LUMBER CO., Cross-complainant-Appellant.

BUILDING CONTRACT—ASSIGNMENT BY CONTRACTOR OF BALANCE DUE FROM OWNER TO MATERIALMAN—ORDER UPON FUND TO AGENT OF OWNER—SUBSEQUENT LEVY OF EXECUTION.—An assignment made by a building contractor of the whole balance due to him under the contract with the owner, in favor of a mill and lumber com-

pany to which the contractor was indebted for the full amount of such balance, in whose favor an order given was addressed to the owner's agent having custody of such balance, takes precedence over a subsequent levy made upon such balance at the instance of a judgment creditor of the contractor.

ID.—RIGHT OF ASSIGNMENT OF BALANCE DUE—GENERAL RULE.—The contractor had the right to assign the whole balance of the indebtedness due to him from the owners of the building although he could not divide that balance into fractional amounts and make an assignment of the same. It is a general rule that a creditor can only make an assignment of the full amount due, and cannot, without the express consent of the debtor, make partial assignments to divers persons. The whole debt due the contractor was the subject of assignment without consent of the owners of the property.

ID.—ASSIGNMENT EFFECTED PRIOR TO LEVY.—Where the assignment was effected prior to the levy of the execution, it left the plaintiff, as disbursing agent for the owner, without any money in his hands belonging to the contractor to which the subsequent levy of the execution against the contractor could attach. It being clear from the circumstances surrounding the transaction that, if the money had been paid over to the assignee, the execution creditor could not have reached it, the prior effected assignment of the whole debt has the same result.

ID.—EQUITABLE ASSIGNMENT OF DEBT.—In order to constitute an equitable assignment of a debt, no express words to that effect are necessary; but if from the entire transaction it clearly appears that the intention of the parties was to pass title to the chose in action, then an assignment will be held to have taken place.

ID.—ORDER GIVEN TO AGENT OF OWNERS.—It was not material that the order was addressed to the agent of the owners, instead of to the owners themselves with whom the building contract was made, where such agent was duly authorized to hold the fund and to make payments therefrom upon the contract price to the contractor.

ID.—ASSIGNMENT NOT DEPENDENT UPON NOTICE TO DEBTOR—INTENTION OF ASSIGNOR AND ASSIGNEE.—The question as to whether the assignment was in fact made is not dependent upon the question of notice to the debtor, but upon the intention of the alleged assignor and assignee.

ID.—OPINION ON PETITION FOR REHEARING IN BANK—QUESTION OF NOTICE TO DEBTOR—UNNECESSARY OPINION—NOTICE TO AGENT SUFFICIENT.—It is held by the Supreme Court, on petition for rehearing, unnecessary to say that the assignment to the Carpenter and Biles Mill and Lumber Company would be good against a levy made upon the fund after the assignment and before notice to the

debtors, the Dunhams. But if such notice to the debtor was necessary to make the assignment good against a subsequent levy, the notice given to plaintiff, who was the trustee and agent of the Dunhams, to pay the debt to the contractor, or to his assignee, as the case might be, was a sufficient notice to the debtor.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

O'Melveny, Stevens & Millikin, and E. B. Coil, for Appellant.

Sheldon Borden, and George H. Moore, for Carpenter and Biles Mill and Lumber Company, Respondent.

JAMES, J.—The defendant San Pedro Lumber Company, a corporation, appeals from the judgment entered in this action, and from an order denying its motion for a new trial. In the year 1907, defendant Williamson, as contractor, erected a house for S. H. Dunham and wife. The contract price was to be paid in installments and the amount in money was deposited with the plaintiff corporation, which was instructed to act as the agent of the Dunhams in the distribution thereof. Such amount of money as might be in the hands of the agent of the Dunhams upon the completion of the house was to be retained for a period of thirty-five days after notice of completion had been filed, at the expiration of which time, if no liens were filed against the structure, plaintiff was directed to pay over the remaining balance of the money to the contractor Williamson. Notice of completion of the building was filed on or about the first day of November, 1907, and there then remained in the hands of plaintiff, and which it was required to pay over to Williamson in the event no liens were filed, the sum of $450. Williamson was then indebted to respondent Carpenter and Biles Mill and Lumber Company in a sum of money exceeding $450 for material furnished, a portion of which, at least, was used in constructing the Dunham house. He made a written order upon the plaintiff to pay the amount of the last payment provided to be paid to him, to the Carpenter and Biles company. This order was presented to

plaintiff and the bearer was told, at the office of the former, that the order should be signed by the Dunhams. The order was taken away and was not returned until the eleventh day of December thereafter. The thirty-five days ensuing subsequent to the filing of notice of the completion of the building expired on the ninth day of December, 1907. On the tenth day of December, 1907, one day before the order of the Carpenter and Biles company was returned to plaintiff, appellant, which was then a judgment creditor of the contractor Williamson in an amount in excess of $300, caused a levy to be made under a writ of execution against the interest of Williamson in the fund of money held by plaintiff. These conflicting claims having arisen affecting the $450 held by it, the plaintiff brought this action in order to have it determined which of the defendants was entitled to the money. The trial court held that the order given to the Carpenter and Biles company, having been executed and delivered prior to the date of the levy made under the writ of execution, an assignment of the debt was worked thereby, and gave judgment in favor of the respondent last named. On this appeal the only parties in contest are the appellant and respondent Carpenter and Biles Mill and Lumber Company. It is contended on behalf of appellant that the order given by Williamson did not operate as an assignment of the fund, nor change title thereto in any respect; and that at the time attachment thereof was attempted to be made under the execution, Williamson was the owner of the money or credit, and that appellant by the service of the process mentioned acquired a right to have the money paid over for its benefit. At the time the order was given the building had been fully completed; Williamson as contractor had earned the right to have paid to him the full amount of the contract price, and he was then entitled to receive it all, except that payment was to be withheld for thirty-five days after notice of completion was filed, in order that the time within which liens might be perfected against the property of the Dunhams should have expired. The debt, therefore, to our minds, was one which was the subject of assignment, and that, too, without the consent of the Dunhams. Williamson had the right to assign the whole of the balance of indebtedness due to him from the Dunhams, although he could not have divided that balance into fractional amounts and make

an assignment of the same in such a manner. It is a general rule of contracts that the benefits thereof, where they do not involve the expenditure of personal effort of services, are the subject of assignment without the consent of the debtor being first obtained; with the reservation, however, that the creditor in such a case cannot, without the consent of his debtor, require by assignment payment to be made to divers persons; in other words, the assignment in such case must be made of the full amount due. The purported assignment in this case answers fully these requirements, and if it sufficiently appears from the writing and in testimony that the intention was of Williamson at the time he executed the order to transfer all right to the $450 to respondent Carpenter and Biles company, then this assignment, having been made on a day prior to the time when levy was attempted to be made under appellant's execution, left the plaintiff without any money in its hands belonging to Williamson to which appellant's levy might attach. The following decisions are in point: *Curtner* v. *Lyndon,* 128 Cal. 35, [60 Pac. 462]; and the general subject, with digest of various cases, as found in *Donohoe-Kelly Banking Co.* v. *Southern Pacific Co. et al.,* 138 Cal. 183, [94 Am. St. Rep. 28, 71 Pac. 93]. It cannot be said from the testimony as it is set out in the bill of exceptions that it was not the intent of Williamson and the Carpenter and Biles company that an assignment should be made of the $450 at the time the order was executed. Williamson testified in effect that his intention was to transfer his right and title to the money, and the Carpenter and Biles company at all times insisted that they were entitled to it. It is very clear from the circumstances surrounding the transaction that had the money been paid over to the Carpenter and Biles company, Williamson would have had no legal right to demand that the same be delivered by that company to him, or diverted in any way from its possession. As it was said in *McIntyre* v. *Hauser,* 131 Cal. 11, [63 Pac. 69]: "In order to constitute an equitable assignment of a debt, no express words to that effect are necessary. If from the entire transaction it clearly appears that the intention of the parties was to pass title to the chose in action, then an assignment will be held to have taken place." (See, also, *Lawrence Nat. Bank* v. *Kowalsky,* 105 Cal. 41, [38 Pac. 517].) As we view the case,

it is not material that the order was addressed to the plaintiff instead of to the Dunhams, with whom the building contract was made. The plaintiff was the duly authorized agent of the Dunhams for the purpose of holding the fund and making payment of the contract price to Williamson, and we can see no good reason why an order addressed to an executive agent, as this plaintiff was, should not be sufficient and binding. Aside from this, as to whether the assignment was in fact made or not, as has been before noted, depended, not upon the question of notice to the debtor, but upon the intention of the alleged assignor and assignee. No questions are here involved as to any damage resulting to a debtor who has paid his debt without notice of assignment made by his creditor.

Upon the record as it is shown, we are of opinion that the findings made by the trial court must be sustained.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 23, 1912, and the following opinion then rendered thereon:

THE COURT.—The petition to transfer this cause to the supreme court for rehearing is denied.

We do not think it was necessary to say, as intimated by the district court of appeal, that the assignment to the Carpenter and Biles company would be good against a levy made upon the fund after the assignment and before notice thereof to the debtors, the Dunhams. But if such notice to the debtors was necessary to make the assignment good against a subsequent execution levy or attachment levy, the notice given to the plaintiff, who was the trustee and holder of the fund and agent of the Dunhams to pay it to Williamson or to his assignee, as the case might be, was a sufficient notice to the debtor, and operated to perfect the transfer of the title to the fund.