[S. F. No. 6524. Department Two.—August 5, 1915.]

JEANNE E. FRANCOEUR, Appellant, v. HENRY N. BEATTY, Respondent.

GIFT—CONVEYANCE BY WRITING—DELIVERY OF PROPERTY GIVEN NOT NECESSARY.—A completed gift may be effected by an instrument in writing executed and delivered by the donor to the donee, without an actual delivery of the subject of the gift. In such case, the rule of section 1147 of the Civil Code, that a "verbal" gift is not valid unless there is actual or symbolical delivery to the donee of the thing given, is inapplicable.

ID.—RETENTION OF POSSESSION BY DONOR—EVIDENCE—SUBSEQUENT DECLARATIONS OF DONOR.—After the execution of such written gift, the donor was no longer the owner of the property given, and no presumption of ownership from mere possession of them could be indulged in to disturb the legal effect of the gift conveyance; and the subsequent declarations of the donor, while retaining possession of the property, as to her reason or purpose in making the conveyance, could not operate to impair the title of the donee.

ID.—ACTIONS TO CHARGE LEGATEE WITH TRUST—WRITINGS OF TESTATRIX SUBSEQUENT TO WILL.—In an action to charge a residuary legatee with a trust in favor of the plaintiff, in respect to the property constituting the residuary bequest, writings testamentary in character made by the testatrix subsequent to the execution of the will, and which have not been admitted to probate, are inadmissible to change or vary the provisions of the will.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Stanley Moore, George K. Ford, and Wilder Wight, for Appellant.

Thomas E. Curran, and Francis Dunn, for Respondent.

LORIGAN, J.—This action was brought by plaintiff to establish an oral trust in certain stocks and bonds and other personal property in the possession of defendant and which in her lifetime belonged to a Mrs. Elizabeth B. Hitchcock. Plaintiff, though not related to Mrs. Hitchcock, had lived with her for many years as her intimate friend and companion. Defendant had been the attorney and adviser of Mrs. Hitchcock for several years before her death and their relations were very friendly. Mrs. Hitchcock had no children and her only heir at law in this state was a niece—Mrs. Smith—with whom she was not at all friendly, although she made substantial provision for her in her will. This will was made July 27, 1909, and by it and under certain codicils to it, the last of October 8, 1909, after providing for certain legacies, including one to plaintiff of four thousand dollars and one of fifteen thousand dollars jointly to her niece Mrs. Smith and the daughter of the latter, she left the rest and residue of her estate to the defendant. When this will and the codicils were made Mrs. Hitchcock was the owner of certain stocks and bonds of the value of some forty or forty-five thousand dollars and also of a large quantity of jewelry, silverware, wearing apparel, and household effects. Subsequent to the making of the last codicil to her will and on October 16, 1909, Mrs. Hitchcock executed a written instrument in which she specifically mentioned and described all her stocks and bonds and by its terms gave and presented them unconditionally to the defendant. Mrs. Hitchcock died on December 28, 1909. Her will and codicils referred to were admitted to probate and defendant, as nominated therein, was appointed executor thereof and her estate was in process of administration when this action was brought.

The complaint of plaintiff alleged that Mrs. Hitchcock in her lifetime employed defendant as her confidential adviser and attorney to aid her in making final disposition of her property and provide a method whereby she could transfer to

plaintiff the ownership of said stock and bonds and other personal property which she wished plaintiff to have with the least danger of annoyance and contest as far as her niece Mrs. Smith was concerned; that defendant advised Mrs. Hitchcock that the safest way to effectuate her intention respecting such bonds and stocks was to execute an instrument in writing conveying them to defendant himself and that upon her death he would turn them over to the plaintiff; that on such suggestion Mrs. Hitchcock conveyed them to the defendant by a written instrument made October 16, 1909, with an understanding that on her death defendant was to deliver them to plaintiff as her property; that after the death of Mrs. Hitchcock plaintiff demanded said bonds and stocks of the defendant but he refused to deliver them to her, denying any agreement or understanding on his part with Mrs. Hitchcock to do so and disavowing and disclaiming any trust whatever with respect to plaintiff in regard to the same. As to the other personal property involved in this action other than the stocks and bonds and which consisted of certain jewelry, silverware, and wearing apparel, plaintiff alleged that by the terms of the last will and codicils of the deceased all this property was left to the defendant as residuary legatee; that at the time of making said will and codicils and said residuary bequest of said property to defendant Mrs. Hitchcock had informed, instructed, and stated to him, that after her death he was to deliver said personal property to plaintiff; that said defendant agreed and undertook to do so; that defendant now repudiates, denies, and disclaims any agreement or understanding on his part with Mrs. Hitchcock with respect to the delivery of said personal property to plaintiff and disavows and disclaims any trust whatever as far as plaintiff is concerned, and has declared and stated that when distribution of the residuary portion of said estate is made he intends to keep and retain every part of the same. All of the personal property—bonds, stocks, and the rest—is alleged to be of the value of sixty thousand dollars and the prayer of the complaint was for a decree adjudging that defendant holds all of it in trust for plaintiff and that he be required to deliver all of it to her. In his answer defendant denied any trust agreement or understanding between himself and Mrs. Hitchcock in favor of plaintiff with reference to said stocks and bonds and averred that they were given to him by Mrs. Hitchcock in her lifetime as his own

individual property without reservation or qualification, the said gift thereof being confirmed in October, 1909, by an instrument in writing, signed, executed, and delivered to him by said Mrs. Hitchcock. As to all other personal property mentioned in the complaint and falling within the residuary clause of the will, defendant likewise denied any trust agreement between Mrs. Hitchcock and himself in favor of plaintiff respecting it and averred that as to some of it specially mentioned in the answer Mrs. Hitchcock had given it to him in her lifetime and as to the rest he held it as executor of the last will and testament of said Elizabeth B. Hitchcock deceased.

The court found that Mrs. Hitchcock had in her lifetime by a written instrument in writing dated October 16, 1909, given the defendant the bonds and stocks sued for as an absolute gift thereof without any reservation or qualification whatever or any trust or secret arrangement in favor of the plaintiff; that at various dates in her lifetime she had given him, as claimed in his answer, certain articles of jewelry mentioned in the complaint of plaintiff and that as to all the rest of the personal property involved in the action Mrs. Hitchcock in the residuary clause of her will had devised it absolutely to defendant without any trust agreement or understanding in favor of the plaintiff and that defendant was in possession of it as executor of her will. Judgment was entered accordingly in favor of defendant from which plaintiff appeals, as she does also from an order denying her motion for a new trial.

Appellant presents three grounds for a reversal. She insists first that the court erred in rejecting evidence offered by her of certain declarations made by Mrs. Hitchcock concerning the stocks and bonds while she was in possession of them. At the time the offer of this evidence was made it appeared that while Mrs. Hitchcock had executed and delivered to defendant the written instrument of October 16, 1909, giving to him the stocks and bonds in question, said stocks and bonds were not then delivered to defendant; that though they had been in his possession prior thereto Mrs. Hitchcock shortly before the gift instrument was executed in his favor had obtained possession of them and had thereafter retained such possession until a few days prior to her death when defendant obtained them. In this state of the evidence plaintiff sought to prove by a witness called for that purpose certain declarations made by Mrs.

Hitchcock to the witness during the month of December, 1909, while she was in possession of the stocks and bonds respecting the disposition she had made of them. This proffered testimony was rejected by the court on objection of defendant and thereupon it was stipulated between the parties that this witness and several other witnesses if permitted to do so would testify to declarations made by Mrs. Hitchcock to them subsequent to October 16, 1909 (the date of the instrument of gift of the stocks and bonds to defendant), and while she was in possession of them, that she had given them to defendant for the plaintiff—in effect that she had given them to defendant in trust for plaintiff; that this offer of such testimony might be sustained under objection of the defendant that it was incompetent, irrelevant, and immaterial because made subsequent to the date of the written instrument giving said stocks and bonds to defendant and not made in the presence of the defendant with an exception to such ruling reserved to plaintiff. It is insisted by appellant that this evidence was admissible on several grounds; that these declarations of Mrs. Hitchcock were against her interest and hence admissible against defendant claiming under her; that they were further admissible as tending to corroborate the testimony of plaintiff as to the existence of the trust agreement upon which she relied; and further as explanatory of the possession of these stocks and bonds by Mrs. Hitchcock at the time they were made.

We do not consider it necessary to discuss each particular ground upon which it is urged these declarations were admissible.

As we understand the position of appellant, the theory upon which it is asserted that these declarations were admissible is that at the time they were made there was an uncompleted gift of these stocks and bonds to defendant; that notwithstanding the executed conveyance of October 16, 1909, by Mrs. Hitchcock giving them to defendant it was essential to the efficacy of the gift attempted thereby that there should have been an actual delivery to the defendant of the stocks and bonds; that the retention of the possession of the stocks and bonds by Mrs. Hitchcock intermediate the execution of the instrument of gift and actual delivery thereof by her to defendant raised a presumption during that time of ownership in Mrs. Hitchcock thereof and her declarations while so in possession under this presumption of ownership were admissible for the several

reasons assigned by appellant. But when plaintiff sought to have these declarations admitted on this theory it appeared, and in fact was alleged in her complaint, that Mrs. Hitchcock had conveyed these bonds and stocks to defendant by the instrument in writing of° October, 1909. It was not claimed that this gift conveyance of these stocks and bonds on its face was not absolute and unconditional. On the contrary, the position taken by her in her pleadings was that this was in fact its character but that notwithstanding this character it was accompanied by an oral trust in her favor. It appearing then that an executed instrument of gift of this property was made in October, 1909, the mere fact that Mrs. Hitchcock retained possession of it after the execution of the gift of conveyance was made, was matter of no importance in the case as affecting the completeness or efficiency of the gift. The gift was fully and effectually made to defendant when the written instrument in his favor was executed. It was not rendered executory because accompanied by no actual delivery to defendant of the property given; nor did the mere retention itself of the property by Mrs. Hitchcock at all affect its validity as a perfect gift. While the Civil Code, section 1147, declares that as to a ''verbal'' gift it is not valid without there is actual or symbolical delivery to the donee of the thing given, this rule has no application when the gift is effected by an instrument in writing. In the latter case a complete gift is effected without an actual delivery of the subject of the gift.

In *Driscoll* v. *Driscoll*, 143 Cal. 528, [77 Pac. 471], this distinction was pointed out. In that case a father had made and delivered to his daughter an instrument of gift of certain personal property of which, however, he retained possession until his death. After his death his daughter took possession of the property· An action was brought against her by the administrator of the estate of her father to recover the property from her, the principal ground relied on for a recovery being that the gift to her was ineffectual for the reason that there was no delivery to her of the property by her father in his lifetime. That there had been no delivery was proven on the trial in that action, but nevertheless judgment went for defendant. On appeal here the chief ground on which a reversal was sought was that there had been no delivery of the property at the time the written instrument was executed. In disposing of this claim adversely to the administrator this

court, after declaring that the provision in section 1147 of the Civil Code making a delivery essential to the validity of a gift is limited to "verbal" gifts and that at common law a gift of personalty effected by a deed operated *proprio vigore* to vest the donee with title to the property upon the delivery of the deed without a delivery of the things given, proceeding, says:

"The chief ground upon which the appellant seems to rely for a reversal of the judgment is, that there was no delivery of the property to the defendant during the lifetime of her father. A sale of personal property is, however, good as between the parties whether the possession be delivered or not; want of delivery renders it void only as to creditors and subsequent purchasers. (*Visher* v. *Webster,* 13 Cal. 58; Benjamin on Sales, sec. 308.)

"If, however, the transaction between the defendant and her father could be considered as a voluntary transfer or gift from him to her, the same result would follow. . . .

"There is no statutory requirement in this state that a gift which is effected by an executed grant shall be accompanied by a delivery of the property given, and, as between the parties to the transaction, there is no violation of law or infringement of public policy, if the donor, after he has executed the instrument of gift, shall retain possession of the property. A gift is declared by section 1146 of the Civil Code to be, 'a transfer of personal property,' which, if made in writing, is by section 1053 called a 'grant, or conveyance, or bill of sale,' and by section 1083 'vests in the transferee all the actual title to the thing transferred which the transferrer then has unless a different intention is expressed or is necessarily implied.' As under section 1053 of the Civil Code this provision applies to personal as well as real property the interest intended to be transferred is, under section 1054 of the Civil Code, vested in the transferrer upon the donor's delivery of the grant." (See, also, *Estate of Hall,* 154 Cal. 527, [98 Pac. 269]; *Fisher* v. *Ludwig,* 6 Cal. App. 144, [91 Pac. 658].)

Within the rule of the authorities Mrs. Hitchcock, after the execution of her written gift of October, 1909, was no longer the owner of these stocks and bonds and no presumption of ownership from mere possession of them could be indulged in to disturb the legal effect of her gift conveyance thereof. By that written conveyance title to the stocks and bonds had

effectually vested in defendant on its execution; Mrs. Hitch-
cock had no further title thereto and it was not in her power
after the title had vested in defendant, merely because she
retained possession of the property, to impair that title by any
declarations as to her reason or purpose in making a convey-
ance of them to defendant.

The second claim made by appellant is that the court erred
in rejecting evidence proffered by her of declarations of Mrs.
Hitchcock concerning the contents of certain writings made
by her and sent to the defendant by mail. Defendant testified
that he never received them. These writings were mailed to
the defendant by Mrs. Hitchcock subsequent to the making of
her will and codicils which were afterwards admitted to pro-
bate, were in her handwriting, signed and dated by her, and
were claimed to be testamentary in character—codicils—which
gave to plaintiff by particular description certain of the per-
sonal property mentioned in her complaint which would other-
wise fall within the residuary clause of the will in favor of
defendant. These writings also referred to the stocks and
bonds as having been given to defendant for plaintiff. Appel-
lant contends that she should have been permitted to establish
these writings as lost holographic codicils and as so established
have them considered by the court as evidence tending to cor-
roborate her testimony with reference to the trust agreement
in her favor respecting all the property involved in the action.
The ruling of the court rejecting the offer of this evidence
was proper. What the appellant was endeavoring to do was
to establish these writings as lost codicils to her will. But
this she might not do in this action. If these writings were
testamentary in character and disposing of property men-
tioned in them in favor of plaintiff the only proper forum
for her to have established them in was the probate court.
Nor otherwise were they admissible evidence as tending to cor-
roborate the claim of plaintiff that the residuary devise to
defendant was in the nature of a trust. They were made
subsequent to the execution of the will and codicils which were
probated and it is well settled that declarations of a testator
subsequent to the execution of his will may not be received
in evidence to change or vary its provisions. As far as these
writings also referred to the stocks and bonds they were inad-
missible for the same reasons that the declarations respecting
them first treated of in this opinion were inadmissible.

The last claim of appellant is that the findings of the court of an absolute and unqualified gift to defendant of the stocks and bonds by Mrs. Hitchcock and of some of the property mentioned in the complaint and a disposition in his favor by the residuary clause of the will of the other personal property in question as also against the existence of any trust in favor of the plaintiff as to any of the property, are not sustained by the evidence.

This point, while made by appellant, does not appear to be seriously pressed in her briefs and it is clear from the evidence in the case and the admissions in her briefs concerning it that it could not be. In urging her claims for a reversal for alleged error on the part of the court in excluding all the offered evidence which we have just discussed it is stated by her counsel in his briefs that "there was such a sharp conflict in the evidence" on the issues covered by the findings challenged as to make the rejection of the proffered evidence highly prejudicial to her. This statement of the conflicting character of the evidence is fully borne out by the record, and this condition being apparent and conceded by appellant, disposes of her claim as to the findings. We, of course, cannot review findings where such conflict exists and nothing would be subserved in discussing the evidence where the existence of such conflict is expressly conceded by appellant.

The judgment and order appealed from are affirmed.

Henshaw, J., and Melvin, J., concurred.