WILLIAM W. PARSHALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 6452.   Promulgated June 14, 1927.

1. Under the statutes of Pennsylvania a transfer by a member
of a partnership of his interest in the partnership is not rendered
invalid by reason of the fact that the other members were not con-
sulted or informed in regard to such transfer.

2. A partner's interest in a partnership is personal property and
a transfer thereof is not required to be in writing.

3. Failure to file certificate of personnel of a partnership as
required by statute, does not affect the status of the partnership
as such.

*William W. Parshall, Esq.*, and *James R. Cray*, Esq., for the
petitioner.
*Harold Allen, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income
tax for the years 1918, 1919, and 1920, in the total amount of
$30,476.09, as evidenced by the deficiency notice, but as alleged and
complained of in the petition, in the following several amounts:

| | |
|---|---:|
| 1918 | $2, 720. 95 |
| 1919 | 3, 169. 55 |
| 1920 | 6, 634. 22 |
| | 12, 524. 72 |

The only question at issue is whether the profits from a partnership
business known as the Puritan Supply Co., for the years in question,
belonged to and were income to petitioner or belonged to and were
income to petitioner's wife, Amelia B. Parshall.

### FINDINGS OF FACT.

The petitioner is an individual who resides in Uniontown, Pa.,
and is a lawyer of many years experience in Pennsylvania.   In 1901
or 1902, he, with James R. Cray and G. S. Harah (with a fourth
party for a brief period) formed a partnership and engaged in the
general retail mercantile business, primarily as a commissary for the
Puritan Coke Co.   The fourth member, soon after the organization,
withdrew, and after that each of the other three persons named
owned a one-third interest.

In 1905, petitioner, being indebted to his wife for borrowed money,
in an amount between $800 and $1,000, offered her in settlement of
that indebtedness his one-third interest in the Puritan Supply Co.
in which he had invested about the same amount.   She accepted the

offer, and thereafter claimed as her own that interest, and petitioner recognized the same. There was no written transfer; neither was there any record made on the books of the company of such transfer, nor was there any published notice given. The other members of the partnership were not consulted about the change, nor any formal notice given them of the change. Incidentally, they did learn of the change soon after it was consummated, and offered no protest or objection. The three families were close friends, and associated in other lines of business.

The active operation of the store was under the control of a manager, an employee. Harah was secretary and treasurer and signed all checks issued by the company. Neither Parshall, Cray nor Mrs. Parshall took any active part in the management or conduct of the business, and they knew nothing of its operation other than information imparted to them in an informal manner by Harah.

George S. Harah, William W. Parshall, and James R. Cray, carrying on or conducting business under the assumed or fictitious name, style or designation of Puritan Supply Co., German Township, Fayette County, Pennsylvania, filed in the office of prothonotary the certificate provided for in the act of the Assembly of the Commonwealth of Pennsylvania.

After 1905, the checks for the Parshall one-third interest in the partnership profits were generally made payable to Mrs. Parshall, though some of them may have been made payable to W. W. Parshall. They were either mailed to Mrs. Parshall, or delivered to W. W. Parshall. The canceled checks made in 1918 and 1919 have been misplaced or lost. Checks made in 1920 and 1921 were as follows:

Check dated March 10, 1920, payable to Mrs. W. W. Parshall_____ $1, 669. 55
Check dated April 12, 1920, payable to M. B. Parshall (which constituted the full one-third of profits for the year 1919, and the checks were endorsed as made payable) _____ 1, 500. 00
Check dated March 14, 1921, payable to A. B. Parshall_____ 3, 356. 56
Check dated July 1, 1921, payable to A. B. Parshall_____ 2, 000. 00
Check dated December 1, 1921, payable to Amelia B. Parshall (which constituted the full one-third of profits for the year 1920, and the checks were endorsed as made payable, except the last, which showed a deposit to Amelia B. Parshall by the Citizens Title & Trust Co.) _____ 1, 000. 00

In her income-tax returns for the years in question, Amelia B. Parshall included the amounts so received by her from the Puritan Supply Co. as a part of her gross income. There was no real estate owned by the partnership.

OPINION.

LOVE: The problem for solution in this case is a mixed question of law and fact. The question of fact first to be determined is

whether or not there was a transfer or attempted transfer by petitioner to his wife in 1905, of his one-third interest in the Puritan Supply Co. Submitted from another angle, the question is, Do the circumstantial facts, admitted, or fully substantiated, so strongly tend or point to a contrary conclusion as to challenge and outweigh the positive testimony of petitioner corroborated to some extent by his witnesses, that there was, at least, an attempted transfer in good faith, and for a good consideration?

The question of law is, accepting petitioner's testimony at face value, Do the facts of the case constitute a legal transfer of that partnership interest?

When one takes into consideration the fact that petitioner is, and has been for many years, a lawyer, with knowledge of the laws governing partnerships as well as general laws of business dealings, it seems strange to find a course of dealings in which such lawyer was the principal actor, so much at variance with recognized methods of conducting such business.

As clearly indicated in the findings of fact, we have resolved the question of fact in favor of petitioner, that is, we find that there was a *bona fide* attempt on the part of petitioner to transfer to his wife, Amelia B. Parshall, his one-third interest in the Puritan Supply Co.

The question now is whether or not there was a legal transfer. The Uniform Partnership Act of Pennsylvania (Act of March 26, 1915, P. L. 18, part 5, sec. 26), provides in part:

A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property.

*Ibid.* Sec. 27(1) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract, the profits to which the assigning partner would otherwise be entitled.

(Act of April 14, 1851, P. L. 612, sec. 13.) From and after the tenth day of August next, all persons who are now doing business in a partnership capacity in this commonwealth shall file or cause to be filed in the office of the prothonotary, in the county or counties where the said partnership is carried on, the names and location of the members of such partnership, with the style and name of the same and as often as any change of members in said partnership shall take place, the same shall be certified by the members of such new partnership as aforesaid; and in default or neglect of such partnership so to do, they shall not be permitted, in any suits or actions against them in any court, or before any justice of the peace or alderman in this commonwealth, to plead any misnomer or the omission of the name of any member of the partnership, or the inclusion of the names of persons not members of said partnership.

Section 13 quoted last above was in 1918 and still is in force. From an analysis of the foregoing statutes, the following conclusions of law are deduced:

1. A transfer of a partner's interest to a stranger without the knowledge or consent of his partners does not dissolve the partnership nor render the transfer invalid.

2. A partner's interest in a partnership is personal property and may be transferred otherwise than by an instrument in writing.

3. A transfer by a partner of his interest in the partnership entitles the transferee to receive as his own, the share of the profits to which the transferor would have been entitled.

4. Failure to file the certificate as required by the Act of April 14, 1851, P. L. 612, sec. 13, does not affect the legal status of the partnership, nor render invalid any transfer of interest. It only estops the members to deny partnership when sued in the courts of Pennsylvania.

Under the laws of Pennsylvania the transfer by W. W. Parshall to his wife, Amelia B. Parshall, of his interest in the Puritan Supply Co. was valid, and vested in her all the property rights therein formerly held by the petitioner; and therefore the one-third of the profits realized by that company in 1918, 1919, and 1920 received by her were her income and not the income of W. W. Parshall.

The respondent urges that the decision in the case of *Ormsby McKnight Mitchel*, 1 B. T. A. 143, controls the instant case. After the decision of the board in that case, it was carried into the courts, finally to the United States Circuit Court of Appeals, and the courts rendered judgment in harmony with the decision rendered by the board, *Mitchel* v. *Bowers*, 15 Fed. (2d) 287.

The question involved in that case was very substantially different from the question at issue in the instant case. In the *Mitchel* case the husband was a partner in a firm. He made a contract with his wife by which he agreed for a valuable consideration to transfer and assign to her, until future notice, one-half of his share of the profits of that partnership. There was no attempt on his part to convey to his wife his interest in the partnership or any part thereof. She received no vested right or interest in the partnership as such. All she received was a right to demand from him one-half of the profits he received from that business.

The question in the instant case is essentially different. Here, the husband conveyed to the wife his interest in the partnership business. That business no longer belonged to him, and under the laws of Pennsylvania the profits, which prior to the conveyance belonged to the transferor, after that conveyance belonged to the transferee, and she had the legal right to demand payment, by the firm, of these profits to her. That right was a vested right and irrevocable.

At the close of the hearing a stipulation was read into the record with reference to a matter not put in issue by the pleadings and in no way connected with the issues involved in the question in issue, but which does affect the tax liability of petitioner for the years in question. That stipulation is as follows:

This income in the Bureau's letter from which Mr. Parshall took his appeal was stated to be $429,189.03. That sum was found to be the result of a clerical error in the assessment letter in the sum of $4,444.44, was written by the typist $444.44, and a correction of this error reduces the income from the partnership, the Puritan Coke Company, by four thousand dollars; of that amount the distributive share of each of the three partners is, of course, $1,333.33. The income from the Puritan Coke Company attributed to William W. Parshall in this case should therefore be reduced by that amount. That process of deducting $1,333.33 from $429,189.03 formerly claimed, shows the corrected amount to be $427,855.70, and it has been agreed and is here stipulated between counsel for the Commissioner and for William W. Parshall, appellant, that the corrected amount of income which accrued to him in the year 1920 from the Puritan Coke Company was $427,855.60.

We assume that the error pointed out in the foregoing stipulation will be corrected.

*Judgment will be entered on 15 days' notice, under Rule 50.*