C. R. THOMAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 7139.   Promulgated September 19, 1927.

A member of a partnership is not individually taxable on so
much of the partnership income as is attributable to an interest in
his interest in the partnership which, at the date of the formation
of the partnership, he had sold to a third person, although such
purchaser was not a member of the partnership.

*Harry C. Weeks, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

This proceeding involves a deficiency in income tax for the
calendar year 1919, in the amount of $1,077.61.   Petitioner contends
that respondent has erred in adding to his gross income the sum of
$5,900, which he asserts was the income of another person.

FINDINGS OF FACT.

In the early part of 1919, Roscoe Parks purchased an outfit of
oil-drilling tools for which he paid $6,000.   About the same time he
sold a one-half interest therein to petitioner for $3,000, and the two
entered into partnership, under the firm name of Roscoe Parks
Drilling Co., the principal business of which was drilling of oil
wells.   On the same day on which this partnership was formed, or
the day after, petitioner sold a half interest in his one-half interest
in the partnership to his daughter, Mary V. Townsend, a widow.
The consideration for this transfer was $1,500, which the daughter
paid at the time, by check, out of funds derived from insurance on
the life of her deceased husband.   Parks was never informed of this
transaction.   The Roscoe Parks Drilling Co. entered into other
transactions in which Mary V. Townsend had no interest.

The net income of the Roscoe Parks Drilling Co. for the calendar
year 1919 from all sources was $32,234.76.   Petitioner's share was
$16,117.38.   The share of the profits of Mary V. Townsend arising
from her purchase from petitioner was $5,942.69.   This amount was
paid to her on December 24, 1919, by petitioner, out of the profits
of Roscoe Parks Drilling Co.   She returned the whole amount as
part of her gross income and paid the tax thereon.

In 1920, Roscoe Parks Drilling Co. was dissolved, at which time
Mary V. Townsend was paid her share of the net proceeds arising
from the dissolution.

OPINION.

MILLIKEN: The transaction between petitioner and his daughter Mary V. Townsend was a sale of capital assets. If the interest purchased by the daughter had been sold for more than cost, there would have been taxable gain; if for less than cost, deductible loss. The daughter purchased not an interest in profits alone, but a one-half interest in petitioner's one-half interest in Roscoe Parks Drilling Co., hereafter referred to as the Drilling Company. It is true she was never a member of that partnership, but she was a partner with petitioner. As between her and petitioner there existed a partnership not only as to profits but also as to corpus. If petitioner had defaulted on his contract, the daughter would have been entitled to bring an action against him and in that action to have made Parks a party for the purpose of an accounting. See *Nirdlinger* v. *Bernheimer*, 133 N. Y. 45; 30 N. E. 561. Petitioner held his daughter's interest in trust for her. Cf. *Barnes* v. *Alexander*, 232 U. S. 117.

While the daughter was not entitled to share as a member of the Drilling Company in the profits of that partnership, and while such share was payable in the first instance to petitioner, yet the instant he received what was in reality her share he at once held her share as trustee for her. This is true for the reason that as between him and her, he was no longer the owner of the share which he had sold to her. The $5,942.69 which she received was income from the investment which she had made through petitioner in the Drilling Company. This income was, as to her, taxable income and as such has been properly returned and taxed. This income which was taxable to the daughter was not, under the facts of this case, at the same time taxable also to petitioner. He held it as trustee, and since it was at once distributable, he had the right under section 219 of the Revenue Act of 1918 to deduct it from the gross income of the trust.

This conclusion is not in conflict with the decisions in *Appeal of Samuel V. Woods*, 5 B. T. A. 413; *Appeal of Fred W. Warner*, 5 B. T. A. 963; *Appeal of Ormsby McKnight Mitchel*, 1 B. T. A. 143; and *Mitchel* v. *Bowers*, 15 Fed. (2d) 287; 6 Am. Fed. Tax Rep. 6329. In each of these cases the transaction involved was the transfer to another of income which arose from the property of the transferor and in each case it was held that such transfer did not lessen the taxable income of the owner of the property from which the income was derived. In this case petitioner did not assign income produced or to be produced from his property. He sold an interest in his interest in the Drilling Company. It was the daughter's interest in the corpus which produced her share of the income. The *Mitchel*

case contained another important element which is not present in this case. The contract between Mitchel and his wife was revocable by either party.

The gross income of petitioner for 1919 as determined by respondent should be reduced by the sum of $5,900, the amount claimed in the petition.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*