## GRACE SCRIPPS CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20103, 36901.   Promulgated May 10, 1929.

*Byron C. Hanna, Esq.*, for the petitioner.

*F. R. Shearer, Esq.*, for the respondent.

OPINION.

SMITH: The question presented in these proceedings is whether the legal effect of the assignment made by the petitioner December 24, 1919, was to vest in her husband one-half of her interest in the trust fund of which she was a beneficiary and to relieve her from liability to income tax in respect of one-half of the income distributable to her under the trust instrument during the taxable years 1922 and 1923. In accordance with the petitioner's and her husband's understanding of the assigning instrument each returned one-half of income of the trust fund for the years 1922 and 1923 in their individual income-tax returns for those years. It is the contention of the respondent that the assignment did not vest in the husband a one-half interest in the petitioner's distributable share of the income from the trust fund, and that the petitioner is liable for income tax on the entire amount.

We can not doubt from the record that the petitioner, in executing the assigning instrument, intended to vest in her husband a one-half interest in the trust fund of which she was beneficiary. Both the petitioner and her husband have consistently acted upon that understanding of the instrument.

At the time of the execution of the assigning instrument the petitioner and her husband were residents of the State of California, and they have continued to reside therein since. The property comprising the trust fund and the trustees of the fund were located in Michigan. It is well established in California, and also in Michigan, that a beneficiary of a trust of the nature of that here under consideration may assign his interest therein. California Civil Code, sec. 1135; *Title Insurance & Trust Co.* v. *Duffill*, 191 Cal. 629; 218 Pac. 14; *Curtin* v. *Kowalsky*, 145 Cal. 431; 78 Pac. 962; *Bridge* v. *Kedon*, 163 Cal. 493; 126 Pac. 149; *Henderson* v. *Sherman*, 47 Mich. 267; 11 N. W. 153. In Michigan there is a statutory restriction on assigning an interest in a trust for the receipts of rents and profits of land, but the restriction

does not affect a trust of personal property. The only assets of the trust fund here consisted of shares of stock in Michigan corporations and dividends therefrom.

It is not material that the notice of the assignment here was not given to the trustees. The general rule of law prevails in California that the validity of an assignment does not depend upon notice to the debtor. *Title Insurance & Trust Co.* v. *Williamson*, 18 Cal. App. 324; 123 Pac. 245.

The courts of California have held in numerous cases that instruments similar to the assigning instrument here under consideration create valid assignments. See *Driscoll* v. *Driscoll*, 143 Cal. 528; 77 Pac. 471; *Curtin* v. *Kowalsky, supra; Francoeur* v. *Beatty*, 170 Cal. 740; 151 Pac. 123; *Burkett* v. *Doty*, 176 Cal. 89; 167 Pac. 518; *Belden* v. *Farmers' & Mechanics' Bank of Healdsburg*, 16 Cal. App. 452; 118 Pac. 449. The decisions in Michigan are to the same effect. *Henderson* v. *Sherman, supra; Dunn* v. *Swan*, 115 Mich. 409; 73 N. W. 386; *Brownson* v. *Roy*, 133 Mich. 617; 95 N. W. 710. We think it beyond doubt that the legal effect of the assigning instrument executed by the petitioner December 24, 1919, was to vest in the petitioner's husband all right, title, and interest in and to one-half of her interest in the trust fund, including the income therefrom. The fact that the trustees during the taxable years 1922 and 1923 paid the entire amount of the income to which the petitioner was entitled under the trust instrument to her rather than one-half to her and one-half to her husband is immaterial. Such part of the income as belonged to her husband under the assigning instrument the petitioner received and held as trustee for her husband.

The Revenue Act of 1921 and prior revenue acts make an individual liable for income tax on all the income that the individual receives as his own, with certain exemptions not material here. In *Earl* v. *Commissioner*, 30 Fed. (2d) 898, it was held that under California law the husband and wife may lawfully agree by contract that their joint earnings shall belong to them jointly and not otherwise, and that under an agreement that earnings of either spouse shall be received, held, taken and owned by them as joint tenants, the earnings of the husband were received, taken, and held from the beginning as the joint property of both; that accordingly the wife was liable to income tax in respect of one-half of the joint earnings of husband and wife. We think that upon this same principle one-half of the income of the trust fund distributed to the petitioner is taxable income of the petitioner's husband, Rex B. Clark, and that the petitioner is not liable to income tax in respect of it.

The facts in the instant case are similar to those in *Edith H. Blaney*, 13 B. T. A. 1315, where the petitioner under a trust estab-

lished by the will of her father had an equitable life interest therein consisting of the right to receive one-sixth of the income of the trust. On February 21, 1921, the petitioner, in consideration of love and affection, assigned to her husband and her children the right to receive portions of her income from the trust. Thereafter, payments were made by the trustees to the assignees. We held that the amounts paid to the assignees which were accumulated subsequent to the assignments did not constitute taxable income to the petitioner. See also *O'Malley-Keyes* v. *Eaton*, 24 Fed. (2d) 436; *Young* v. *Gnichtel*, 28 Fed. (2d) 789. Also compare Board decisions *Wm. W. Parshall*, 7 B. T. A. 318; *C. R. Thomas*, 8 B. T. A. 118; *M. A. Reeb*, 8 B. T. A. 759; *William I. Paulson et al.*, 10 B. T. A. 732.

The instant case is distinguishable from *Ormsby McKnight Mitchel*, 1 B. T. A. 143; 9 Fed. (2d) 414; 15 Fed. (2d) 287 (C. C. A.). Mitchel, who was a member of a copartnership, attempted to assign to his wife one-half of the profits which might come to him from the copartnership. The assignment provided that upon receiving the profits plaintiff would hold for and pay to his wife the share thereof to which she would be entitled thereunder. The assignment further provided that it might be terminated at any time at the option of either party. It amounted to nothing more than a voluntary concession to his wife temporarily of a part of whatever was distributed to him by the partnership. It was pointed out in that case that the Revenue Act of 1918 specifically holds a partner taxable upon his distributable share of the partnership profits. The case is also distinguishable from *Maud Dunlap Shellabarger*, 14 B. T. A. 695. The petitioner therein was a principal beneficiary under her father's will and the recipient of income from a trust created thereby. To avoid a contest of her father's will, petitioner executed an instrument by which she agreed that upon the receipt by her of income under the trust she would pay three-tenths thereof to another party, and one-fifth thereof to a bank to be held and used for certain purposes. Petitioner contended that this amounted to an assignment of the income. The Board held that the instrument was so worded that it did not assign or transfer the income or any interest in the trust, but only bound the petitioner to use a portion of the income in a certain manner when received by her, and that the total income of the trust fund was income of the petitioner and taxable to her. The instant proceedings are also distinguishable from *Bing* v. *Bowers*, 22 Fed. (2d) 450; 26 Fed. (2d) 1017 (C. C. A.). In that case the plaintiff assigned to his mother the income and profits from certain property up to a certain amount. But what was assigned was not the income from the property but the petitioner's net income and profits from the operation of the property. It was held that the instrument of assignment did not pass to the mother an interest in

the property, or create a rent charge or any ownership *pro tanto* of the grantor's interest in the property, but that the grantor maintained the right of control and was therefore liable to income tax in respect of the income received by him.

No question is raised as to the correctness of the deficiency determined by the respondent for 1918.

*Judgment will be entered under Rule 50.*