[Sac. No. 2323. In Bank.—September 8, 1917.]

EMMA M. BURKETT, Appellant, v. W. M. DOTY, Respondent.

ASSIGNMENT—PROMISSORY NOTES SECURED BY MORTGAGE—PASSING OF TITLE WITHOUT CHANGE OF POSSESSION—EFFECT OF PROVISION DELAYING RECORDATION DURING LIFETIME OF ASSIGNOR.—A written assignment by which the owner of promissory notes secured by mortgage assigns the notes and mortgage, describing them particularly, is not an executory contract, but passes the present title to both notes and mortgage, although there was no immediate delivery or change of possession thereof, and the instrument of assignment contained a clause that "this assignment is not to be placed as of record during the lifetime of" the assignor.

ID.—EVIDENCE—ACKNOWLEDGMENT.—A notary's certificate of acknowledgment of a written instrument of assignment is *prima facie* evidence of the execution thereof.

ID.—ABSENCE OF VALUABLE CONSIDERATION—WHEN IMMATERIAL.—When there is neither allegation nor proof of intent to defraud creditors, the absence of a valuable consideration for an assignment does not affect its validity.

ID.—AVOIDANCE OF TRANSFER OF A CHOSE IN ACTION.—To destroy the validity of a transfer of a chose in action, there must be proof of actual fraudulent intent or of insolvency or of contemplation of insolvency.

ID.—AVOIDANCE BY ADMINISTRATOR—PLEADINGS AND PROOF.—An administrator who would avoid a transfer made by his intestate on the ground that there was no delivery or change of possession must also allege and prove that there are creditors of the estate and a deficiency of assets to pay the debts.

APPEAL from a judgment of the Superior Court of Butte County.  H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

Devlin & Devlin, and Lon Bond, for Appellant.

Guy R. Kennedy, and W. H. Carlin, for Respondent.

SHAW, J.—The plaintiff appeals from the judgment.

The action is in claim and delivery for the possession of two promissory notes, or for the value thereof, in case a delivery cannot be had.

On September 25, 1911, Harry Harrington executed to Nellie Mead Doty three promissory notes and a mortgage to secure the same. The notes were each for $1,385.95 and were due respectively on October 1, 1912; October 1, 1913; October 1, 1914. Nellie Mead Doty was the wife of the defendant, W. M. Doty. The notes and mortgage were her separate property. This action concerns the two notes falling due in 1913 and 1914, respectively.

The answer denies that the plaintiff is the owner, or is entitled to the possession, of the two notes, alleges that the note falling due on October 1, 1913, was indorsed by said Nellie Mead Doty to the defendant prior to her death, and that the note falling due October 1, 1914, was her property at the time of her death; that the defendant has been appointed the administrator of her estate, and that he now holds the last-named note as such administrator.

The findings of the court, in effect, are that the plaintiff is not, and never has been, the owner of the notes in controversy; that Nellie Mead Doty died on July 18, 1912; that the defendant has been duly appointed, and now is, the administrator of her estate, and, as such administrator, holds the possession and title to both of said notes for the benefit of such estate. Thereupon judgment was given for the defendant.

The essential facts are not disputed. On December 30, 1911, Nellie M. Doty was the owner of said notes. At that time they were not in her immediate possession but were deposited in a tin box kept by her in the vault of the Sacramento Valley Bank at the town of Biggs, and, except as presently stated, they remained there until her death. On December 30, 1911, she duly signed, acknowledged before a notary public, and delivered to Emma M. Burkett, the plain-

tiff, an instrument in writing which declares that Nellie
Mead Doty, in consideration of ten dollars, ''by these presents
assigns to the party of the second part,'' the notes and mort-
gage aforesaid, describing them particularly. The party of
the second part was Emma M. Burkett. The instrument dif-
fered from the ordinary assignment only in that it contained
a clause as follows: ''This assignment of said mortgage is not
to be placed as of record during the lifetime of Nellie Mead
Doty, the party of the first part.'' There was in fact no
valuable consideration for the assignment. There is neither
an allegation nor a finding that it was made with intent to
defraud the creditors of the assignor, or that it was fraudu-
lent or void as to such creditors.

The introduction of the instrument with the notary's cer-
tificate of acknowledgment thereof was *prima facie* evidence
of the due execution thereof. (Code Civ. Proc., sec. 1948.)
There was no evidence to the contrary. The instrument was
introduced in evidence by the plaintiff and was in her posses-
sion. There is no evidence tending to show that the delivery
thereof to her was made for any other purpose than that of
completing its due execution as an assignment. The notes
and mortgage described therein were not produced or deliv-
ered to Emma M. Burkett at that time, or at all.

In the following February (1912), in order to obtain funds
to pay the necessary expenses of Mrs. Doty at a hospital to
which she was about to be taken on account of her sickness,
she directed her husband to get from the box in the bank and
bring to her the note due on October 1, 1912. He did so, and
she then indorsed it and at her direction he pledged it to the
bank and thereby obtained money from the bank.

So far as appears the bank still holds the note under said
pledge. That note is not in controversy here. It was the
subject of an action for damages for conversion against Doty,
wherein judgment was given for Doty; which judgment was
afterward reversed by the district court of appeal. The facts
are more minutely set forth in the opinion of that court on
the appeal. (*Burkett* v. *Doty*, 32 Cal. App. 337, [162 Pac.
1042].) A petition for the rehearing of that case was denied
by this court. After the pledge of the first note, Nellie Mead
Doty, in June, 1912, indorsed to her said husband the note
due on October 1, 1913, for a like purpose, but it was not
pledged, no money was obtained thereon, and the defendant

thereafter retained the same in his possession. No other dis= position of either of the notes was ever made by Mrs. Doty.

The respondent claims, first, that the assignment was an executory contract, and that being without a valuable consideration it is of no force; second, that if it was a sale of personal property, it was void, under section 3440 of the Civil Code, because it was not accompanied by an immediate delivery and followed by an actual and continued change of possession of the notes; third, that it is not valid as a gift of personal property because there was no evidence of an intent on the part of Nellie Mead Doty to completely divest herself of dominion over the property, and because she did not relinquish all present right to or control over the notes, nor make an immediate transfer of the title thereto.

The assignment is not an executory contract. By its terms it "assigns" the notes to the plaintiff. To "assign," in ordinary legal usage, as applied to choses in action, is to transfer the title or ownership. A chose in action may be transferred by the owner. (Civ. Code, sec. 954.) "A gift is a transfer of personal property, made voluntarily, and without consideration." (Civ. Code, sec. 1146.) "Transfer is an act of the parties, or of the law, by which the title to property is conveyed from one living person to another." (Civ. Code, sec. 1039.) "A transfer vests in the transferee all the actual title to the thing transferred which the transferrer then has, unless a different intention is expressed or is necessarily implied." (Civ. Code, sec. 1083.) "The interest intended to be transferred is, under section 1054 of the Civil Code, vested in the transferee upon the donor's delivery of the grant." (*Driscoll* v. *Driscoll,* 143 Cal. 536, [77 Pac. 471]; *Francoeur* v. *Beatty,* 170 Cal. 740, 746, [151 Pac. 123].) The fact that there was no valuable consideration, therefore, does not deprive the assignment of its effectual force to pass the title to the notes.

Section 3440 of the Civil Code does not require an immediate delivery, or an actual or continued change of possession in order that a transfer of a thing in action shall be valid as to creditors. It applies to personal property "other than a thing in action." Hence, it has no application to this case. As to a chose in action, to destroy the validity of its transfer there must be proof of actual fraudulent intent, or of insolvency, or of contemplation of insolvency. (Civ. Code,

secs. 3439, 3442.) Moreover, an administrator cannot avoid a transfer of personal property on the ground that there was not such delivery or change of possession, unless he alleges and proves that there are creditors of the estate and a deficiency of assets to pay the debts. (*Murphy* v. *Clayton,* 114 Cal. 526, [43 Pac. 613, 46 Pac. 460].) The record here contains no allegation or finding to that effect, or on that subject.

The assignment itself purported to transfer the notes immediately to the plaintiff. As it was duly signed, acknowledged, and delivered to the plaintiff, it constituted the strongest of evidence of the intention of the assignor to transfer the notes to the plaintiff in the manner there specified. And as the effect of that assignment, according to its terms, was to immediately transfer to the plaintiff the title and ownership of the notes, it constituted satisfactory, if not conclusive, evidence of the intent of the assignor to do that which the instrument, in law, would accomplish, that is, to divest herself of all right of dominion over the notes and of all present right to, or control over, them, and to make an immediate transfer of the title thereto. It must be remembered that, as between donor and donee, it is not necessary to the validity of a gift *inter vivos*, if made by a written instrument transferring the title to the donee, that the possession of the thing given be passed to the donee. The transfer of the *right* to its immediate possession and control, the title thereto, is sufficient, and the gift then takes effect, although the donor retains all the power of control that can arise from such possession. (*Driscoll* v. *Driscoll, supra; Francoeur* v. *Beatty, supra.*)

The provision declaring that "this assignment of said mortgage is not to be placed as of record during the lifetime" of the assignor does not purport to operate upon the notes, which, of course, were not entitled to record as such. It does not purport to operate upon the title to either the mortgage or the notes, nor in any way to change the legal effect of the instrument as a conveyance thereof. The transfer of both was complete without such record.

Section 1056 of the Civil Code declares that "a grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condi-

tion on which the delivery was made." The word "grant," as here used, includes transfers of personal property as well as of real property. (Civ. Code, sec. 1053.) There are cases where such grant has been passed over by the grantor to the manual possession of the grantee for inspection only, or for some other purpose than that of completing its execution as a contract, wherein it is always held that such possession of the instrument does not constitute a delivery and does not pass the title to the thing. (*Gould* v. *Wise,* 97 Cal. 532, [32 Pac. 576, 33 Pac. 323]; *Gould* v. *Adams,* 108 Cal. 368, [41 Pac. 408].) The act of delivery of possession of the instrument must be accompanied with the intent that it shall become operative as a conveyance or transfer. (*Kenney* v. *Parks,* 137 Cal. 531, [70 Pac. 556].) But here the acknowledgment, immediately followed, as it was, by the transfer of the possession of the instrument of assignment to the donee, without explanatory or qualifying words or acts to indicate any other intent, is, by force of section 1948 of the Code of Civil Procedure, *prima facie* evidence of complete execution, that is, of delivery with intent to make it operative immediately as a transfer of title. And by section 1055 of the Civil Code such an assignment, when thus duly executed, is presumed to have been delivered at its date. No evidence was given to show a different date. There is no substantial evidence of any other or different intent. The subsequent pledge of the first note and indorsement of the second were made after the delivery of the instrument to the donor. The title had then passed. It was neither proved nor suggested that the plaintiff consented to these dealings, or that she had knowledge thereof at the time, or that she was ever informed thereof until after the death of Mrs. Doty. Those transactions, therefore, cannot be taken as evidence against her. The only fact, in connection with the notes, occurring after the delivery of the assignment, which can be evidence against the plaintiff is that although she had the absolute title to them, and the present means of proving such title and of obtaining possession of the notes, she did not take possession, but suffered them to remain in the possession of Mrs. Doty, who, it appears, was her niece. As she had accepted the assignment providing that she should not record it until after the donor's death, and as only six months elapsed before that event occurred, the fact is not of much significance. The failure to

take possession, coupled with the direction against recording, might support the inference that there was an expectation by the plaintiff, or an understanding between the parties, that the donor, in the meantime, by reason of the ostensible authority she had from her possession, might receive payments on the notes, or make some disposition thereof for her advantage to innocent third parties. This would be contrary to the legal effect of the instrument, and if given that effect it would operate to change its terms. Its admission as evidence would be contrary to the principle that an agreement in writing, made without fraud or mistake, and not ambiguous, is to be considered as embracing all the terms of the contract, and that, between the parties, or their successors in interest, there can be no evidence of the agreement other than the contents of the writing. (Code Civ. Proc., sec. 1856.) Under the circumstances shown, the delay in taking possession cannot be deemed substantial evidence that the assignment was not completely delivered as an operative instrument.

The evidence considered in the cases of *Estate of Hall,* 154 Cal. 527, [98 Pac. 269], and *Knight* v. *Tripp,* 121 Cal. 674, [54 Pac. 267], to the effect that there was no intent to make a complete delivery of the written transfers there involved, was of much greater force than the evidence here presented. Those cases go to the extreme limits that can be allowed in holding transfers in the hands of the transferee ineffectual, and we do not think it necessary or advisable to enlarge further the opportunities of attacking contracts deliberately and ceremoniously executed by applying those cases as precedents here.

The judgment is reversed.

Sloss, J., Henshaw, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.