[L. A. No. 5244.   Department One.—August 6, 1919.]

## HATTIE W. MUSGRAVE, as Executrix, etc., Appellant, v. IDA B. RENKIN et al., Respondents.

[1] APPEAL — FINDINGS — SUFFICIENCY OF EVIDENCE.—Where there is evidence sufficient to support the findings of the trial court, they will not be disturbed on appeal.

[2] MORTGAGE—RELEASE—NONDELIVERY—EFFECT.—A release of mortgage executed by the mortgagee but not delivered in his lifetime does not take effect.

[3] ID.—ASSIGNMENT OF MORTGAGE — EXECUTED CONTRACT — TRUST — VALIDITY OF.—An assignment of mortgage, accompanied by a declaration of trust, executed in consideration of previous care of the trustor by the beneficiary and an agreement by such beneficiary to continue to care for, nurse, and support him during the remainder of his life, is not a gift, nor an executory agreement, but is a present transfer based on a valuable consideration, and such a trust is lawful.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

CLXXX Cal.—50

Isidore B. Dockweiler, James C. Williams, Wilbur D. Finch and Dockweiler & Mott for Appellant.

Lucius K. Chase, Walter L. Mann and George B. Rankin for Respondents.

SHAW, J.—At the time of the transactions complained of the decedent, Caldwell, held a mortgage and note executed to him by the defendants, for the sum of $4,450. The plaintiff's complaint purports to state a cause of action to set aside a release of this mortgage and an assignment of the same mortgage, in trust for certain purposes, made by the decedent in his lifetime, on the ground that they were obtained by fraud and undue influence, and on the further ground that the transaction was an attempt to make a gift and that it was not completed during the lifetime of the donor. The court below found that the aforesaid contracts were not obtained by fraud, that they were executed without undue influence, and with full knowledge by the donor of their terms and effect, and that at the time his mind was clear and he was fully capable of transacting business. There was evidence sufficient to support these findings. [1] Hence they are conclusive on appeal.

[2] The release was not delivered by the deceased in his lifetime. Hence it did not take effect and need not be further considered.

The assignment of the mortgage was made in March, 1915, and was accompanied by a declaration of trust by the assignor and an acceptance thereof duly executed by the assignee. The effect thereof was to transfer the complete title to the mortgage and note to the trustee, and he thereafter held the same subject to the terms of the trust. The trust declaration provided that in case Caldwell, the decedent, left the home of the Renkins during his lifetime, the trustee should reassign the mortgage and note to Caldwell. That condition did not happen. Under the remaining conditions of the trust, if Caldwell remained in the home of Mrs. Renkin and was cared for by her up to the time of his death, the mortgage was then to be assigned by the trustee to Ida B. Renkin. That condition happened and the mortgage was transferred in accordance with the declaration. The consideration for the transaction was the previous care of the decedent by Mrs. Renkin and her agreement to continue to care for, nurse, and support him

during the remainder of his life.    He was old and so afflicted that he required constant care and attention.    The agreement of Mrs. Renkin was fully performed.    The assignment to the trustee was not a gift; it was not executory, but was a present transfer of the title.    (*Burkett* v. *Doty,* 176 Cal. 89, [167 Pac. 518].)    **[3]**    The trust was in all respects lawful and valid. The result is that the findings and judgment of the court below in favor of the defendant must be sustained.

The judgment is affirmed.

Lawlor, J., and Olney, J., concurred.