[S. F. No. 8507. In Bank.—November 24, 1919.]

## CORA L. A. G. STONE et al., Respondents, v. FRED A. GREENE et al., Appellants.

[1] DEED — GIFT OF PERSONAL PROPERTY — POSSESSION.—Where the grantor in a deed of gift of personal property goes through the formality of delivering the deed with the intent to make then and there a conveyance of the property immediately effective, there is a valid delivery of the deed and transfer of title to the property, although the grantor retakes and retains possession of the deed and there is no transfer of possession of the property.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. M. Crawford, John L. McNab and J. R. Leppo for Appellants.

Robert Duncan and John W. Preston for Respondents.

OLNEY, J.—This is a companion case to *Stone.* v. *Daily, post,* p. 571, [185 Pac. 665], and the material facts in both cases are there quite fully stated and need not be repeated. The deed designated in the opinion referred to as the Stone deed purported to convey to Mrs. Stone and her children all

of her mother's, Mrs. Daily's, estate, both real and personal. Upon Mrs. Daily's death Fred A. Greene and the Bank of Lake, in whose custody was Mrs. Daily's private box containing the deed and also certain money and other personal property, refused to turn the box with its contents over to Mrs. Stone. Mrs. Stone and her children thereupon brought two suits, one against Mrs. Daily's surviving husband to quiet title to the real property involved, and the other against Greene and the bank to recover the contents of the box. In the latter case, Mr. Daily intervened as a defendant and claimed the personal property involved as administrator of Mrs. Daily's estate.

The plaintiff's right to recover depended in both cases upon the validity of the Stone deed, and in both cases it was claimed by the defendants that the deed was invalid because not delivered. The trial in the suit involving the real property resulted in a finding that the deed had not been delivered and a consequent judgment against the plaintiffs. This judgment was appealed from, and it was this appeal which has just been determined. It was held that the finding that the deed had not been delivered was contrary to the evidence and the judgment was reversed.

In the suit for recovery of the personal property it was found, contrary to the result in the other case, that the deed had been delivered and judgment was given for the plaintiffs. The defendants appealed, and it is this appeal which is now under consideration. The sole reason of importance urged for a reversal is that the finding of delivery is not supported by the evidence. The evidence in the present case is practically identical with that in the other as to the question of delivery or nondelivery of the Stone deed, with the exception that in this case it was expressly admitted by defendant's counsel at the trial that Mrs. Daily when she handed the deed to Greene intended a complete and effective delivery and a present conveyance of the property, subject only to the reservation contained in the instrument. But regardless of this admission, the evidence clearly shows this to have been the fact. This is fully discussed in the other case, and that discussion need not be repeated here. Such intent determined the character of the delivery and sustains the finding that the deed was delivered.

[1]　Defendants' counsel also urge that the deed, even if delivered, was not effective to transfer the personal property because the gift intended to be made by the deed was not accompanied or followed by a transfer of possession of the property. This contention is completely answered by *Burkett* v. *Doty*, 176 Cal. 89, [167 Pac. 518.]

Judgment affirmed.

Shaw, J., Lennon, J., Melvin, J., Angellotti, C. J., Lawlor, J., and Wilbur, J., concurred.

Rehearing denied.

All the Justices concurred, except Melvin, J., who was absent.