[Civ. No. 3049.  Second Appellate District, Division Two.—February 2, 1920.]

ELIZA SHANNON, Respondent, v. J. HERMAN AAG-AARD et al., Defendants; MAEBELLE D. TRAYLOR. Appellant.

[1] DEEDS—EXECUTION AND DELIVERY—ABSENCE OF FRAUD—RIGHTS OF INNOCENT PURCHASER—ESTOPPEL.—Where the owner of real property signs and delivers to another a deed to the property, in the absence of any showing whatever that trick or device has been practiced, she will be estopped to set up her title as against an innocent purchaser of the property for value from her grantee.

[2] ID.—INTENT—PRESUMPTION FROM DELIVERY.—While it is a legal prerequisite that the delivery of a deed must be accompanied with

the intent that the deed shall become operative as such, in the absence of a showing that the deed was obtained through trick or device, it will be presumed that the deed was so delivered, and the deed itself will be *prima facie* evidence of complete execution.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. W. Curtis, Judge. Reversed.

The facts are stated in the opinion of the court.

Benjamin E. Page, Arthur C. Hurt and Arthur F. Coe for Appellant.

E. S. Janes for Respondent.

THOMAS, J.—This is an action to quiet title. Defendants Aagaard · and Talcott defaulted. Defendant Traylor appeared and answered, denying plaintiff's claim of title and alleging ownership in herself, in fee simple, of the property in controversy, and, as such owner, asking that title be quieted in her as against any claims of plaintiff.

After trial, the court having considered all the evidence introduced, findings were entered in favor of plaintiff on all the issues. Among other things, the court found: ". . . that plaintiff is the owner in fee simple and entitled to the immediate possession of" the property in controversy; "that on or about the fifteenth day of December, 1915, and while plaintiff . . . was the owner of the premises described in her complaint herein, *she signed her name to and delivered to the defendant Aagaard a paper purporting to be a grant deed of said premises* . . . to defendant Talcott; that thereafter, on or about December 21, 1915, defendant Talcott sold said premises to defendant Traylor for the sum of $450, and thereupon executed and delivered her grant deed to said premises to defendant Traylor; *that defendant Traylor is an innocent purchaser of said premises for value.* That the signature of the plaintiff to the said paper . . . was obtained thereto by trick and device of the defendant Aagaard, and without any knowledge on the part of the plaintiff that she was signing a deed or any instrument affecting her real property, and without any intention on her part to convey said real property, or in any way to affect it; that she never appeared before the notary, Parmelee, and acknowledged it, and never acknowledged it at all;

and, as said defendant Myrtle Talcott had no title to said premises which she could convey, said defendant Maebelle D. Traylor took nothing by said deed." (Italics ours.) A decree quieting title to said property in plaintiff was entered accordingly. This finding is challenged as not supported by the evidence, thus raising the only point to be considered on this appeal.

The plaintiff, in part, testified as follows: "I never signed a deed at all—never signed a deed for that lot at all. All that I have signed was my Investment Company certificates, and I did sign those, and that is all I ever signed. . . . I don't know what I did sign. I supposed it was for the Investment Company. He asked me twice, I think, to sign papers for him, and I signed them, but I supposed that they were for the Investment Company. . . . If I did sign that deed it must have been one of those that he gave me for that stock. I never saw Mr. Parmelee before yesterday at all. I am positive of that." Defendant Aagaard testified, in part, as follows: "I made out a deed and brought Mr. Parmelee to her [plaintiff's] house to sign it, and she signed it and turned it over to me." The witness Parmelee, the notary public, testified that "the plaintiff, Mrs. Shannon, acknowledged the execution of the deed at the time the certificate was affixed. She signed the deed in my presence. She was at her home at the time. She gave the document to defendant Aagaard after signing it."

We have italicized certain portions of the finding referred to above. The record has been carefully read by every member of this court. We have looked in vain for any testimony which might support a finding, even by inference from the other evidence given in the case, that the defendant Aagaard, or anyone else, had obtained plaintiff's signature "to a paper purporting to be a grant deed of the said premises . . . by trick or device."

[1] Under these conditions, coupled with the fact that the court expressly finds that the plaintiff *signed and delivered* the instrument identified in the record as the deed to this property, we are confronted with the query: Is the plaintiff estopped to set up her title as against an innocent purchaser of the property, such as the defendant Traylor is conceded to be? We think she is. The principle of

equity that "where one of two innocent persons must suffer by the act of a third, he who has enabled such third person to cause the loss must bear it," in the absence of any showing whatever that trick or device or trick and device has been practiced by the defendants, or any of them, we think is applicable to the case at bar. [2] We are not unmindful of the fact that it is a legal prerequisite that the delivery of a deed by plaintiff must be "accompanied with the .intent that the deed shall become operative as such." (*Kenney* v. *Parks,* 137 Cal. 527, [70 Pac. 556]; *Donahue* v. *Sweeney,* 171 Cal. 388, [153 Pac. 708]; *Cox* v. *Schnerr,* 172 Cal. 371, [156 Pac. 509]; *Hefner* v. *Sealey,* 175 Cal. 18, [164 Pac. 898]; *Burkett* v. *Doty,* 176 Cal. 94, [167 Pac. 518].) But, we think, in the absence of a showing, as hereinbefore intimated, the legal presumption that it was so delivered has not been overcome here, and hence is, by force of section 1948 of the Code of Civil Procedure, *prima facie* evidence of complete execution, that is, of delivery with intent to make it operative immediately as a transfer of title. (*Burkett* v. *Doty, supra.*)

Judgment reversed.

Finlayson, P. J., and Sloane, J., concurred.