[Civ. No. 10327. Second Appellate District, Division One.—May 7, 1936.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Association), Appellant, v. U. S. HIRSCH et al., Respondents.

Freston & Files, Louis Ferrari, Edmund Nelson, Howard Waterman and Ralph E. Lewis, for Appellant.

Farrand & Slosson, Edward W. Tuttle and George W. Manierre for Respondents.

ROTH, J., *pro tem.*—This is an appeal from a judgment of dismissal entered after demurrers of respondents Hirsch and Morton to plaintiff's amended complaint were sustained without leave to amend. ██ The basis of the demurrers is that the action upon its face is barred by the statute of limitations, specifically by the 1933 amendment to section 337 of the Code of Civil Procedure and section 580a of the same code, which, in effect, provide that the time within which an action for money judgment in the nature of a deficiency after foreclosure of a deed of trust or mortgage can be brought shall not extend beyond three months after the time of sale held pursuant to the terms of said trust deed or mortgage. The complaint alleged, among other things, that certain security for

the promissory note involved had been sold on August 31, 1932. The action itself was not filed until the latter part of 1934. The question presented, therefore, is whether the present case comes within the provisions of the foregoing code sections. The exact question has already been decided by our courts in *Bank of. America National Trust & Savings Assn.* v. *Dennison,* 8 Cal. App. (2d) 173 [47 Pac. (2d) 296] (hearing denied by Supreme Court), in which case the court said at page 299: " . . . we are constrained to hold that the amendment to section 337, and the terms of the new section 580a of the Code of Civil Procedure were not intended by the legislature to operate upon an action for money judgment for the balance due upon an obligation secured by a trust deed after sale thereunder where such sale occurred before the act went into effect. We are satisfied that the legislature intended that the operation of these practically duplicate laws should be limited to cases where the sale took place after their effective date. . . . we are equally convinced that these new laws may not fairly be construed as compelling action to be commenced within three months after such effective dates in cases where the sale has previously been made, for both these acts expressly require that action be brought within three months after the *time of sale.* To so construe them would in effect be judicial legislation rather than interpretation. . . . ''

The applicability of said code sections to trust deeds or mortgages involving other than real property was also disposed of in the foregoing case, the court saying at page 300: ''The foregoing conclusions render it unnecessary herein to consider and determine the point raised by appellant that it was the legislative intent to limit the application of these new provisions to actions of the character here involved where a trust deed was the sole security for payment of the note, and not to apply to notes secured by security additional to that of a trust deed. . . . ''

For the same reasons it is unnecessary for us to pass upon the applicability of said sections to a trust deed in which the security is personal and not real property, or to determine whether the security comprised in the trust deed was personal or real property.

The judgment of the trial court is reversed, and the cause remanded with directions to overrule the demurrers and permit respondents time within which to answer.

Houser, P. J., and Doran, J., concurred.