[Civ. No. 5562. Third Appellate District.—December 14, 1936.]

MARYLAND CASUALTY COMPANY (a Corporation), Appellant, v. LEWIS D. NOTTINGHAM, Respondent.

Keith C. Eversole, W. H. Brunner and J. E. Pemberton for Appellant.

Lovett K. Fraser for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against it in a suit for the unpaid balance amounting to $815.30 and interest at 8 per cent per annum from January 5, 1931, on a note executed by the defendant for the sum of $1385, to the Security Bond & Mortgage Company, dated April 5, 1927, payable three years after the date thereof. This note, together with five other notes, aggregating the sum of $1850, was secured by a mortgage on a lot in Haines City, Florida, belonging to the defendant. On the last-mentioned date the notes and mortgage were assigned to Maryland Casualty Company. By means of a bill in chancery which was brought by this plaintiff in the circuit court of Florida, the mortgage was regularly foreclosed and a decree of that court was rendered January 8, 1931, by the terms of which it was determined that after the sale of the mortgaged lot to the Masebo Corporation, there remained unpaid the indebtedness represented by this note, the sum of $977.98. The defendant was not personally served with process in the Florida suit.

This action for the unpaid balance due on the $1385 note was commenced April 2, 1934, in the Superior Court of Lake County, where the defendant then resided. Without demurring, the defendant answered the complaint, denying the material allegations thereof and affirmatively alleging that the indebtedness was fully paid, and that the note was canceled in the foreclosure proceeding in the state of Florida. The answer further alleges that the action is barred by the

provisions of sections 337, subdivision 1, and 580a, of the Code of Civil Procedure, and by the provisions of section 2924½ of the Civil Code.

The cause was tried by the court sitting without a jury. The court adopted findings to the effect that the note and mortgage were duly executed and delivered as alleged; that the mortgage was foreclosed in the Florida proceeding; that this plaintiff failed to prove it is the owner and holder of the promissory note; that it failed to show the amount for which the property was sold in the state of Florida, and therefore failed to prove what amount, if any, now remains due upon the note; that the defendant is not indebted to the plaintiff in any sum, and that this action is barred by the provisions of sections 337 and 580a of the Code of Civil Procedure. Judgment was thereupon rendered in favor of the defendant. From that judgment the plaintiff has appealed.

The appellant contends that the findings and judgment are not supported by the evidence, and that the statute of limitations, and the proceedings prescribed by section 580a. of the Code of Civil Procedure, as amended in 1933, do not apply to foreclosure sales which occurred prior to the amendment of the statute.

█ An action may be brought in this state on a promissory note which was secured by a mortgage upon real property in another state, when the note or a portion thereof remains unpaid after foreclosure of the mortgage in the sister state. (*Felton* v. *West,* 102 Cal. 266 [36 Pac. 676]; *First-Trust Joint Stock Land Bank of Chicago* v. *Meredith,* 5 Cal. (2d) 214 [53 Pac. (2d) 958].)

█ The evidence does not support the finding that this action is barred by the provisions of the 1933 amendment to section 337 or that it is controlled by section 580a of the Code of Civil Procedure which was adopted in 1933. Nor is the cause defeated by the provisions of the 1933 amendment to section 726 of that code. The provisions of these sections of the code, as amended or adopted in 1933, have no application to the present suit since the mortgage foreclosure sale of real property occurred long prior thereto. (*Bank of America Nat. Trust & Sav. Assn.* v. *Dennison,* 8 Cal. App. (2d) 173, 179 [47 Pac. (2d) 296]; *Bank of America Nat. Trust & Sav. Assn.* v. *Hirsch,* 13 Cal. App. (2d) 681 [57 Pac. (2d) 521].) In the present case the

evidence is undisputed that the Florida decree confirming the sale of real estate on mortgage foreclosure was rendered January 8, 1931, more than two and a half years prior to the enactment of the amendments of the code relied upon by the respondent. The amendment to section 337 of the Code of Civil Procedure provides that a suit for a money judgment on an obligation secured by a trust deed or mortgage on real property must be commenced within three months *"after the time of sale* under the trust deed or mortgage". If this statute of limitations, as amended, were deemed to be retroactive it would have the effect of barring the right of action which had accrued and was vested more than two years prior to the amendment of the statute.

It is conceded the legislature has the right to extend or shorten the time within which an action may be brought, *provided a reasonable time is allowed after the enactment of the statute* limiting the time within which the suit may be commenced. (*Davis & McMillan* v. *Industrial Acc. Com.,* 198 Cal. 631 [246 Pac. 1046, 46 A. L. R. 1095] ; *Rhoda* v. *County of Alameda,* 134 Cal. App. 726, 735 [26 Pac. (2d) 691] ; 5 Cal. Jur. 755, sec. 148.) We are satisfied the legislature did not intend by the amendments to section 337 and 726 of the Code of Civil Procedure, or by the adoption of section 580a of the same code, the same year, to destroy vested rights with relation to actions which existed prior thereto. In the case of *Bank of America Nat. Trust & Sav. Assn.* v. *Dennison, supra,* in which a hearing was denied by the Supreme Court, it is said in that regard :

"The amendment to section 337, and the terms of the new section 580a of the Code of Civil Procedure were not intended by the legislature to operate upon an action for money judgment for the balance due upon an obligation secured by a trust deed after sale thereunder where such sale had occurred before the act went into effect. We are satisfied that the legislature intended that the operation of these practically duplicate laws should be limited to cases where the sale took place after their effective date."

For the same reason, the amendment to section 726 of the Code of Civil Procedure does not apply to the facts of this case. It was adopted in 1933 limiting the amount of a judgment for the unpaid portion of an obligation se-

cured by mortgage on real property, after the foreclosure thereof, to a deficiency ascertained after deducting the fair market value of the real property at the time of the sale from the entire amount of the indebtedness, plus accrued interest. Upon the authorities above cited, it follows that this amendment applies only to cases where the sales of mortgaged real property occur after the adoption of the amendment to the statute.

The finding of the court that "Defendant is not indebted to plaintiff in any sum whatever" is not supported by the evidence. As proof that the $1385 note, upon which this suit is founded, was fully paid, the respondent quotes from the defendant's testimony as follows:

"Q. And you paid it on May 10th, 1928? A. I did. Q. To the Security Bond & Mortgage Company? A. Yes."

Reference to the transcript conclusively shows the above-quoted language does not refer to the $1385 note, but, on the contrary, it applied to another $93 note which is not involved in this suit. The entire quotation of evidence in that relation is as follows:

"Q. . . . I show you a note, *No. 2* of 6, Haines City, Florida, April 5th, 1927, for $93; this is *No. 2* of one of those notes? A. Yes. Q. You paid that? A. I did. Q. And you paid it on May 10th, 1928? A. I did. Q. To the Security Bond & Mortgage Company? A. Yes."

The witness did not testify that he had paid the $1385 note. The record contains no evidence to that effect. The evidence is convincing that, to the extent of $977.98 and accrued interest, it was not paid.

The uncontradicted evidence is that the $1385 note, to the extent of $977.98 and accumulated interest thereon from January 5, 1931, at the rate of 8 per cent interest per annum, has not been paid. The plaintiff had possession of the note and introduced it in evidence with the additional proof of the Florida decree of foreclosure that there was due on the indebtedness January 8, 1931, the balance of $977.98. This is *prima facie* evidence that the note was not paid. There is no evidence to the contrary. The burden was on the defendant to prove payment of the note. He failed to do so. The presumption follows that the note was not paid. (*Sarraille* v. *Calmon,* 142 Cal. 651 [76 Pac. 497]; *Bockwich* v. *Garlow,* 130 Cal. App. 311 [20 Pac. (2d)

109] ; 20 Cal. Jur. 952, sec. 30.) The finding of the court that the defendant is not indebted to the plaintiff is not sustained by the evidence. In the syllabus of the Sarraille case, *supra,* which correctly states the principle of law it is said:

"In an action upon promissory notes, the burden of proof is upon the defendant to show payment alleged as a defense. The possession of the notes by the plaintiff is presumptive evidence of nonpayment."

 It is contended by the respondent that the evidence fails to show what amount remained unpaid on the $1385 note after the foreclosure of the mortgage in Florida. We are of the opinion the uncontradicted evidence sufficiently shows the amount of the indebtedness which remains unpaid. The mortgage was given to secure the payment of six notes. Five of them were for the sum of $93 each, two of which matured and were paid prior to the foreclosure proceeding. The sixth note secured by the mortgage is the $1385 note which is involved in this suit. The mortgage was foreclosed to satisfy the remaining three notes of $93 each and the $1385 note. The property was sold for a sum insufficient to pay these notes and accrued interest. After applying the proceeds of sale to the payment of interest and to the satisfaction of the three $93 notes, insufficient funds remained with which to pay the $1385. The decree of foreclosure determined that:

"The amount so bid by it (The Masebo Corporation) therefor has been disbursed by him (the Master in Chancery) in accordance with the directions of said final decree of foreclosure, *leaving a deficiency of $977.98* . . . "

Upon the trial of this case the four notes, including this $1385 note, were received in evidence without objection or limitation as to endorsements thereon, upon each of which the following endorsement appears:

"In accordance with order of court in the above entitled court and cause permitting the withdrawal of the within notes, the said notes, being notes 3, 4, 5, & 6, of six [notes] in amounts of $93.00, $93.00, $93.00 and $1385.00, respectively, are credited with the sum of $1214.78, the said sum being credited first to accrued interest on said notes from April 5th, 1928, to January 5th, 1931, and the balance, if any, is ap-

plied in reduction to the principal of said notes as of that date.''

This suit was brought for a sum less than the unpaid amount of the indebtedness specified in the decree of foreclosure. The respondents may not complain of that fact. From the figures which do appear in the evidence it is a mere matter of computation to determine exactly what sum remains unpaid on the $1385 note.

█ There is no merit in the respondent's contention that plaintiff failed to prove the assignment of the note from the Security Bond & Mortgage Company, the payee thereof, to the Maryland Casualty Company. The written assignment of the entire group of notes and mortgage, from the Security Bond & Mortgage Company to Maryland Casualty Company, which appears to be regularly executed on its face, duly acknowledged and under corporate seal, was admitted in evidence without objection.

The written assignment of the notes and mortgage by the Security Bond & Mortgage Company, by its president and secretary, with the seal of the corporation attached, and duly acknowledged by a notary public, was received in evidence without objection. This constituted *prima facie* evidence of due execution. (*Burkett* v. *Doty,* 176 Cal. 89 [167 Pac. 518] ; sec. 1948, Code Civ. Proc.; sec. 374, Civ. Code.)

It is too late for the respondent to contend for the first time on appeal that there was no preliminary proof of the authorization of the corporation to execute the assignment. The decree of foreclosure of the mortgage in the circuit court of Florida, which was based in part on this same $1385 note, shows that the action was brought in the name of Maryland Casualty Company. Giving full credence to this uncontradicted judgment of a sister state, we must assume the Maryland Casualty Company was then the owner and holder of the note. Moreover, Robert Griswold, the vice-president of the Maryland Casualty Company, of Baltimore, Maryland, and Clarence B. Clements, a clerk, residing in Baltimore, both testified, in a deposition which was received in evidence in this case without objection on that ground. From this deposition it appears that the notes and mortgage were duly assigned to the plaintiff. There is no evidence to the contrary. There appears to be no doubt that the assignment was authorized and regularly executed.

The judgment is reversed and the cause is remanded with directions to the trial court to ascertain the amount of principal and interest due upon the promissory note, and render judgment in favor of plaintiff for that amount.

Pullen, P. J., and Plummer, J., concurred.