Filed 5/20/21  Tobin v. Wilmington Savings Fund Society CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| STEVEN TOBIN, | B299887 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC687673) |
| v. | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, John P. Doyle, Judge.  Affirmed.

Michael N. Sofris for Plaintiff and Appellant.

Ghidotti Berger, Shannon C. Williams and Cuong M. Nguyen for Defendant and Respondent Wilmington Savings Fund Society, FSB, dba Christiana Trust.

Wright, Finlay & Zak, Todd E. Chvat and Jonathan D. Fink for Defendants and Respondents DLJ Mortgage Capital, Inc. and U.S. Bank, N.A., Asset Backed Securities Corp. Home Equity Loan Trust Series AMQ 2006-HE7.

———————————————

Plaintiff and appellant Steven Tobin defaulted on a note secured by a deed of trust recorded against real property. Anchor Landing Investment, LLC (Anchor) subsequently purchased the property in a nonjudicial foreclosure sale. Tobin sued several entities alleging that several assignments of the deed of trust and a substitution of trustee were void. The trial court entered two summary judgments: one in favor of Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust (Wilmington), and the other in favor of DLJ Mortgage Capital, Inc. (DLJ) and U.S. Bank, N.A., Asset Backed Securities Corp. Home Equity Loan Trust Series AMQ 2006-HE7 (U.S. Bank), self-described as "interim owners of the subject loan prior to its sale and transfer to the foreclosing beneficiary" Wilmington.

For the reasons set forth in our Discussion, we conclude the trial court did not err in granting summary judgment in favor of Wilmington, DLJ, and U.S. Bank and in rejecting as a matter of law, that the assignments and substitution of trustee were void. We thus affirm both summary judgments.

## BACKGROUND

On August 19, 2006, Tobin obtained a loan in the amount of $495,000. Tobin signed a promissory note. The note was secured by a deed of trust recorded against the real property located at 3896 3rd Avenue, Los Angeles, California (the Property). Quality Loan Service Corporation recorded a notice of default and election to sell under deed of trust on May 15, 2017. The notice states, and Tobin does not dispute, that Tobin owed principal and interest since July 1, 2007.

2

Anchor, who is not a party to this appeal, purchased the Property at a nonjudicial foreclosure sale held on November 21, 2017. On December 20, 2017, Tobin filed the current lawsuit.

## 1. *Factual Background*

For purposes of this appeal, we accept as true the following factual description recited by Tobin in his opening brief on appeal:

"On or about August 19, 2006, Appellant [Tobin] signed a Deed of Trust with Ameriquest Mortgage Company . . . regarding real property more commonly known [as] 3896 3rd Avenue, Los Angeles, CA 90008 . . . which was recorded on September 14, 2006 in the Office of the Los Angeles County Recorder under instrument number 06-2048228." (Boldface omitted.)

"On August 28, 2006, [Ameriquest] signed an Assignment of Deed of Trust." The assignment "was recorded in the Los Angeles County Recorder's office under instrument # 06 1997152 on 9/7/06." (Boldface omitted.) The assignee was U.S. Bank.

"On or about May 7, 2007, Select Portfolio Servicing . . . signed a Substitution of Trustee . . . as the alleged attorney-in-fact for DLJ, recorded August 3, 2007 in the Office of the Los Angeles County Recorder under instrument number 20071838388." Quality Loan Service Corporation replaced Town and Country Title Services, Inc. as trustee.

"On or about January 7, 2017, an Assignment of Deed of Trust was . . . signed by US Bank as assignor in favor of DLJ as assignee, recorded February 10, 2017 in the Office of the Los Angeles County Recorder . . . ."

"On or about February 1, 2017[,] an Assignment of Deed of Trust was . . . signed [by] DLJ as assignor in favor of

3

[Wilmington] as assignee, recorded March 16, 2017 in the Office of the Los Angeles County Recorder . . . ."

On May 11, 2017, Rachel C. Kenny signed a notice of default and election to sell under deed of trust on behalf of Quality. The notice was recorded on May 15, 2017. On May 11, 2017, Quality recorded a notice of default. On September 1, 2017, Quality signed a notice of trustee sale and recorded it five days later. On November 28, 2017, Quality signed a trustee's deed upon sale and recorded it on December 5, 2017. The trustee's deed upon sale "states that the Property was sold by the Trustee at public auction on November 21, 2017 at the place named in the Notice of Sale."

## 2.    *First Amended Complaint*

In his first amended complaint, Tobin alleged causes of action for wrongful foreclosure, quiet title, cancellation of instruments, trespass, trespass to chattels, and four causes of action for declaratory relief. Tobin alleged that the first assignment of the deed of trust to U.S. Bank described an incorrect document number and recording date and therefore was void. Tobin averred that because this first assignment was void all subsequent assignments also were void.

Tobin further alleged that, under the Probate Code, "only a 'natural person' can grant a power of attorney." Based on this contention, he alleged that the substitution of trustee from Trustee Town and Country Title Services, Inc. to Quality was void because Select Portfolio Servicing, the signatory, was not a natural person. Tobin contends the trustee sale conducted on

4

November 21, 2017 was void because the assignments and substitution of trustee were void.[1]

Although the first amended complaint named numerous defendants, the only respondents are DLJ, U.S. Bank, and Wilmington. Tobin named DLJ and U.S. Bank as defendants in the four declaratory relief causes of action, one of which Tobin represents was dismissed.[2] Tobin named Wilmington as a defendant in the five wrongful foreclosure causes of action, the quiet title cause of action, the cancellation of instrument cause of action, and all the declaratory relief causes of action.[3]

In his first amended complaint, Tobin identified the defendants as business entities. DLJ and U.S. Bank describe themselves as prior owners of the promissory note secured by the

---

[1] In Tobin's own words, his first amended complaint "contend[s] that a Corporate Assignment of Deed of Trust dated August 28, 2006 but recorded on June 26, 2007 failed to assign the deed of trust to Respondent US Bank, . . . because the assignment does not accurately describe the deed of trust or the document number assigned. . . . The assignment refers and incorporates the note, thus, since the assignment was defective the note was never properly assigned." Further, according to Tobin, he "contends that the Defective Assignment rendered all subsequent assignments of the deed of trust and 'note' . . . void because an assignee can't assign rights it never had."

[2] Tobin provides no citation to the record; he merely states the trial court "sustained without leave to amend dismissing the Thirteenth Cause of Action." For purposes of this appeal, we accept his representation as true.

[3] Wilmington filed a cross-complaint, which is not at issue in the current appeal. Anchor also filed a cross-complaint, which is also not at issue in this appeal. Anchor filed an unlawful detainer complaint against Tobin, which claim is not before us.

Property, and Tobin does not dispute that description. Tobin cites to no evidence that DLJ or U.S. Bank had an interest in the note or the Property at the time Tobin filed his lawsuit.

### 3.   *Summary Judgment*

In Wilmington's motion for summary judgment, Wilmington argued, among other contentions, that Tobin lacked standing to challenge the assignments and substitution of trustee. Wilmington also argued that a 2011 lawsuit barred Tobin's claims under the doctrines of res judicata and collateral estoppel.[4] Wilmington argued that because it held the original promissory note, as a matter of law it was entitled to foreclose on the Property irrespective of any defect in any assignment of the deed of trust. Finally, Wilmington contended that Tobin's challenge to the assignments was unfounded as a matter of law. In a declaration in support of Wilmington's motion, its administrator stated: "At all times since purchasing the Loan from DLJ Mortgage, th[r]ough March 13, 2019, Defendant [Wilmington] was in possession of the original Note, which it obtained from DLJ Mortgage as part of the purchase of the Loan. On March 13, 2019, I instructed my assistant to forward the original Note to Defendant's counsel, for presentation to the

---

[4] In 2011, Tobin filed a lawsuit against Ameriquest Mortgage Company, Select Portfolio Servicing, Inc., DLJ, and Credit Suisse. Tobin alleged inter alia a cause of action for improper foreclosure. It is undisputed that Tobin "specifically raised allegations pertaining to a purported lack of 'assignment or Substitution of Trustee', and that defendants in that case did not possess the original note and had no right to foreclose . . . ." The trial court entered judgment in favor of the defendants.

6

Court . . . ." As noted, the trial court granted summary judgment in favor of Wilmington.

DLJ and U.S. Bank moved for summary judgment arguing, among other things, that Tobin was not entitled to declaratory relief (the only causes of action alleged against these defendants) because there was no actual controversy against them. They also argued Tobin lacked standing to challenge the assignments. DLJ and U.S. Bank maintained that the assignments were not void and that the Probate Code does not apply to this case. They also joined in all of Wilmington's arguments. The trial court granted DLJ and U.S. Bank's motion for summary judgment.

## STANDARD OF REVIEW

Our standard of review of a summary judgment is familiar. "As a summary judgment motion raises only questions of law regarding the construction and effect of supporting and opposing papers, this court independently applies the same three-step analysis required of the trial court. We identify issues framed by the pleadings; determine whether the moving party's showing established facts that negate the opponent's claim and justify a judgment in the moving party's favor; and if it does, we finally determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citations.]" (*Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, 1342.) This court reviews the trial court's ruling, "not its rationale." (*Dictor v. David & Simon, Inc.* (2003) 106 Cal.App.4th 238, 245.)

This court's obligation to conduct a "de novo review [of the grant of summary judgment] does not obligate us to cull the record for the benefit of the appellant in order to attempt to uncover the requisite triable issues. As with an appeal from any judgment, it is the appellant's responsibility to affirmatively

7

demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116 (*Lewis*), disapproved on another ground as recognized in *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 41–42; see also *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 ["appellate court is not required to search the record on its own seeking error"]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1111, 1115 (*Guthrey*) [rejecting appellant's challenge to the grant of summary judgment because, although appellant argued a " 'plethora of admissible evidence' indicate[d] a triable issue of fact existed" on many of his claims, appellant waived the argument by failing to identify where the evidence could be found in the record].)

## DISCUSSION

We start our analysis with our high court's description of a nonjudicial foreclosure sale of property. "A deed of trust to real property acting as security for a loan typically has three parties: the trustor (borrower), the beneficiary (lender), and the trustee. 'The trustee holds a power of sale. If the debtor defaults on the loan, the beneficiary may demand that the trustee conduct a nonjudicial foreclosure sale.' [Citation.] The nonjudicial foreclosure system is designed to provide the lender-beneficiary with an inexpensive and efficient remedy against a defaulting borrower, while protecting the borrower from wrongful loss of the property and ensuring that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser. [Citation.] [¶] The trustee starts the nonjudicial foreclosure

8

process by recording a notice of default and election to sell. (Civ. Code, § 2924, subd. (a)(1).)" (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 926–927 (*Yvanova*).)

On appeal, Tobin argues that (1) he has standing to challenge the assignments of the deed of trust and substitution of trustee; (2) the doctrines of res judicata and collateral estoppel do not bar his lawsuit; (3) Wilmington's possession of the note was not "equal to the power of sale"; (4) the assignments of the deed of trust and substitution of trustee did not comply with requirements of the Probate Code; and (5) Tobin's causes of action for declaratory relief were sufficient. Tobin also titles an argument "Appellant's Evidence in Dispute," and in that section, he cites generally to his papers filed in the trial court. (Boldface omitted.)

We begin with the dispositive issues: (1) whether any evidence raised a triable issue of material fact supporting the inference that the assignment of the deed of trust to U.S. Bank was void; and (2) whether the Probate Code governs the assignments and substitution of trustee. We conclude as a matter of law, no assignment or substitution of trustee was void. We then consider Tobin's remaining arguments; none demonstrates any error.

## A.     As a Matter of Law, Tobin Fails to Show Any Assignment or Substitution of Trustee Was Void

Tobin's attack on the trial court court's rulings hinge on the following contentions: (1) the first assignment from Ameriquest to U.S. Bank was void because of an incorrect instrument number and date; and (2) the substitution of trustee and assignments did not comply with the Probate Code.

### 1. The assignment to U.S. Bank was not void for referencing the incorrect instrument and date in the recorded document

The recorded assignment from Ameriquest to U.S. Bank, (the first assignment), refers to the correct legal description of the Property and the correct trustor (Tobin), but recites an incorrect instrument number for the deed of trust. It recites that the assignment relates to instrument number 06-1997152 when, in fact, it should have identified instrument number 06-2048228. It also states the incorrect date of the recording of that instrument.

The reference to an incorrect instrument number and date in the recorded assignment does not render the assignment void. To render the assignment void would require evidence that U.S. Bank "did not receive a valid assignment of the debt *in any manner*." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272, disapproved on another ground in *Yvanova, supra,* 62 Cal.4th at pp. 937 & 939, fn. 13; *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1506 [quoting *Fontenot*], disapproved on another ground in *Yvanova,* at p. 939, fn. 13]; cf. *Burkett v. Doty* (1917) 176 Cal. 89, 93 [assignment that was "duly signed, acknowledged, and delivered" was evidence that the assignor intended to transfer note to assignee].)[5]

---

[5] *Yvanova* disapproved of *Fontenot* and *Herrera* to the extent they held that borrowers lack standing to challenge an assignment of the deed of trust as void. (*Yvanova, supra,* 62 Cal.4th at p. 939, fn. 13.) *Yvanova,* however, rejected that a borrower has standing to attack an assignment that is merely voidable. (*Id.* at p. 939.)

Tobin makes no argument that the assignment to U.S. Bank was not duly signed, acknowledged or delivered. Tobin does not challenge that Ameriquest had an intention to transfer its rights to U.S. Bank. Similarly, Tobin identifies no evidence raising a triable issue of material fact supporting any inference that Ameriquest lacked the intention to transfer its rights to U.S. Bank even though the scrivener put the wrong instrument number on the recorded document. In sum, he fails to demonstrate that U.S. Bank did not receive a valid assignment "in any manner." (*Fontenot, supra*, 198 Cal.App.4th at p. 272, italics omitted.) Tobin's argument that all the assignments were void because the first one recited the wrong instrument number and date of recordation thus lacks merit as a matter of law.

### 2. The Probate Code does not render the assignments or substitution of trustee void

Tobin argues that under the Power of Attorney Law division of the Probate Code (Prob. Code, § 4000 et seq.) only a natural person could sign the assignments and substitution of trustee.[6] We disagree because the Probate Code sections on

_____

[6] Probate Code section 4014 provides: "(a) 'Attorney-in-fact' means a person granted authority to act for the principal in a power of attorney, regardless of whether the person is known as an attorney-in-fact or agent, or by some other term. [¶] (b) 'Attorney-in-fact' includes a successor or alternate attorney-in-fact and a person delegated authority by an attorney-in-fact."

Probate Code section 4022 provides: " 'Power of attorney' means a written instrument, however denominated, that is executed by a natural person having the capacity to contract and that grants authority to an attorney-in-fact. A power of attorney may be durable or nondurable." Probate Code section 4026

11

which Tobin relies do not apply to the assignments or substitution of trustee he is attacking.

Probate Code section 4050 provides: "(a) This division applies to the following: [¶] (1) Durable powers of attorney, other than powers of attorney for health care . . . [¶] (2) Statutory form powers of attorney under Part 3 (commencing with Section 4400). [¶] (3) Any other power of attorney that incorporates or refers to this division or the provisions of this division. [¶] (b) This division does not apply to the following: (1) A power of attorney to the extent that the authority of the attorney-in-fact is coupled with an interest in the subject of the power of attorney. [¶] (2) Reciprocal or interinsurance exchanges and their contracts, subscribers, attorneys-in-fact, agents, and representatives. [¶] (3) A proxy given by an attorney-in-fact to another person to exercise voting rights. [¶] (c) This division is not intended to affect the validity of any instrument or arrangement that is not described in subdivision (a)."

Thus, on its face, Probate Code section 4050, subdivision (a) does not include an assignment of deed of trust or a substitution of trustee, and the statute expressly disclaims affecting instruments not described in subdivision (a). (See Prob. Code, § 4050, subd. (c).) Furthermore, Tobin does not argue that the assignments and substitution of trustee incorporated or referred to the Power of Attorney Division of the Probate Code. (See Prob. Code, § 4050, subd. (b).)

---

provides that a " '[p]rincipal' means a natural person who executes a power of attorney."

12

Probate Code section 4051 confirms this conclusion: "Except where this division provides a specific rule, the general law of agency, including Article 2 (commencing with Section 2019) of Chapter 2 of Title 6 of, and Title 9 (commencing with Section 2295) of, Part 4 of Division 3 of the Civil Code, applies to powers of attorney." Tobin does not cite to section 4051 or to the general law of agency. He has forfeited any claim that the assignments and substitution of trustee are void under general agency law. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [failure to cite to authority and provided reasoned argument forfeits argument on appeal]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].) In sum, Tobin's argument that the assignments of the deed of trust and the substitution of trustee failed to comply with the Power of Attorney Law sections in the Probate Code demonstrates no error in the judgment because the Power of Attorney Law does not apply to this case.

### 3. Tobin raises no triable issue of material fact

The section in Tobin's brief entitled, "Appellant's Evidence in Dispute," in fact, identifies no triable issue of material fact for each cause of action. Tobin just references his attorney's entire declaration, all pages of all supporting exhibits, and his entire separate statement in opposition to both summary judgments as containing purported disputed facts. By generally citing to the totality of his pleadings and evidence, Tobin improperly requests this court to cull through these documents to determine if there is a triable issue of fact. We decline that invitation. (*Lewis*, *supra*, 93 Cal.App.4th at p. 116; see also *Guthrey*, *supra*, 63 Cal.App.4th

13

at pp. 1111, 1115.) Tobin has thus failed to demonstrate error. (*Lewis*, at p. 116 ["[I]t is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority."].)

## B.    Tobin Failed to Demonstrate Standing to Challenge the Assignments and Substitution of Trustee

Citing *Yvanova*, *supra*, 62 Cal.4th 919, Tobin argues that he has standing to challenge the assignments and substitution of trustee. In *Yvanova*, our high court held an allegation that an assignment is void, not voidable, supports an action for wrongful foreclosure. (*Id.* at p. 923; see also *Dimock v. Emerald Properties LLC* (2000) 81 Cal.App.4th 868, 876–877 [sale of property by trustee who lacked title was void].) "If a purported assignment necessary to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no legal force or effect whatsoever [citations], the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure." (*Yvanova*, at p. 935.) *Yvanova* further explained that a void contract is a contract with no legal effect. (*Id.* at p. 929.) "A voidable transaction, in contrast, 'is one where one or more parties have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract, or by ratification of the contract to extinguish the power of avoidance.' [Citation.] It may be declared void but is not void in itself. [Citation.] Despite its defects, a voidable transaction, unlike a void one, is subject to ratification by the parties. [Citations.]" (*Id.* at p. 930.)

Tobin had the burden to prove that he has standing. (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th

14

808, 814.)  Tobin had the opportunity to demonstrate that the assignments and substitution of trustee were void, but as explained above, he failed to carry that burden.  For this additional reason, the trial court properly summarily adjudicated the wrongful foreclosure causes of action.

## C.     Tobin's Other Arguments Are Moot in Light of His Failure to Show a Disputed Issue of Fact that the Assignments and Substitution of Trustee Were Void

In retort to respondents' arguments, Tobin asserts (1) the doctrines of collateral estoppel and res judicata do not apply to the current lawsuit; (2) Wilmington's possession of the note did not trump a void assignment; and (3) he properly stated causes of action for declaratory relief.  We need not address these arguments because we have concluded that there are no triable issues of fact as to Tobin's claim that the assignments and substitution of trustee were void, and thus no error in the trial court's granting of summary judgment in favor of all respondents.[7]

---

[7]  For the first time, Tobin argues in his reply brief: (1) "Wilmington and DLJ's Separate Statement of Undisputed Facts In Support of their respective Motions For Summary Judgment . . . Do Not Contend That either Wilmington or DLJ were in possession of the 'Wet Ink' Original Promissory Note At Any Time"; (2) "Wilmington Has Not Established That It Was In Possession of the Wet-Ink Original Promissory Note When It Caused Plaintiff's Real Property To Be Sold At A Trustees [*sic*] Sale On November 21, 2017"; (3) "Wilmington never produced the 'wet-ink' original note"; (4) the Trial Court erred when it considered Wilmington's possession of the original note because the note was not produced until the hearing on summary judgment; (5) "[a] foreclosure sale initiated and conducted by an

15

## DISPOSITION

The judgment in favor of Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust is affirmed. The judgment in favor of U.S. Bank, N.A.; Asset Backed Securities Corp. Home Equity Loan Trust Series AMQ 2006-HE7; DLJ Mortgage Capital, Inc. is affirmed. Respondents are awarded their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

---

entity that is not a beneficiary is void"; and (6) "DLJ caused the recordation of the Substitution of Trustee and Notice of Default." (Boldface omitted.) We decline to consider these arguments. (*Levin v. Ligon* (2006) 140 Cal.App.4th 1456, 1486 ["It is elementary that points raised for the first time in a reply brief are not considered by the court."]; see also *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158.)